445 A.2d 185

**COMMONWEALTH of Pennsylvania**

v.

**Steven LUX, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 20, 1981.

Filed April 30, 1982.

---

**8.** Because of our disposition of this case, we need not reach the other issues raised.

John G. McDougall, Philadelphia, for appellant.

Frank T. Hazel, District Attorney, Media, for Commonwealth, appellee.

Before BECK, WATKINS and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellant contends that the juvenile court erred in certifying him to criminal court to stand trial as an adult. Because the record is inadequate to permit our review, we vacate the judgment of sentence and remand for proceedings consistent with this opinion.

138

A juvenile delinquency petition was filed against appellant alleging that he and two companions had robbed a pizza deliveryboy at rifle-point. The Commonwealth sought to have appellant, then 17 years old, certified to stand trial as an adult in criminal court. Following a certification hearing on July 8, 1980, appellant was certified to criminal court and subsequently convicted of robbery, theft, and conspiracy. The trial court denied appellant's post-trial motions and imposed sentence, prompting this appeal.

■■■ Appellant contends that the juvenile court erred in finding him not amenable to treatment, rehabilitation and supervision in the juvenile system.[1] Before a juvenile may be transferred to criminal court in a non-capital case, the juvenile court must find that all of the following exist:

(1) The child was 14 or more years of age at the time of the alleged conduct.

(2) A hearing on whether the transfer should be made is held in conformity with this chapter.

(3) Notice in writing of the time, place, and purpose of the hearing is given to the child and his parents, guardian, or other custodian at least three days before the hearing.

(4) The court finds:

(i) that there is a prima facie case that the child committed the delinquent act alleged;

(ii) that the delinquent act would be considered a felony if committed by an adult; and

1. The Commonwealth contends that appellant has waived all issues concerning the certification by failing to raise them in his pre-trial motions pursuant to Pa.R.Crim.P. 306 and 307. The Commonwealth's argument rests upon our April 3, 1981 decision in *Commonwealth v. Sadler*. However, this Court subsequently granted reconsideration in *Sadler*, see —— Pa.Super. ——, 447 A.2d 625 (1982), thereby abrogating its requirement that certification issues must be raised in pre-trial motions. Absent new evidence, a trial court may not in pre-trial motions review a juvenile court's decision to certify a juvenile to criminal court. *Commonwealth v. Brown*, 485 Pa. 368, 402 A.2d 1007 (1979). We shall not require a juvenile to file a pre-trial motion on an issue that the court cannot reach.

(iii) that there are reasonable grounds to believe all of the following:

(A) That the child is not amenable to treatment, supervision or rehabilitation as a juvenile through available facilities, even though there may not have been a prior adjudication of delinquency....

. . . .

(B) That the child is not commitable to an institution for the mentally retarded or mentally ill.

(C) That the interests of the community require that the child be placed under legal restraint or discipline or that the offense is one which would carry a sentence of more than three years if committed as an adult.

42 Pa.C.S.A. § 6355(a). A juvenile court need not make a formal statement or findings of fact in order to comply with these requirements. *Commonwealth v. Harrod*, 260 Pa.Superior Ct. 312, 316, 394 A.2d 567, 570 (1978). "However the court must make a statement of reasons for certification, and this statement 'should be sufficient to demonstrate that ... the question [of certification] has received the careful consideration of the Juvenile Court; and it must set forth the basis for the order with sufficient specificity to permit meaningful review.'" *Commonwealth v. Stokes*, 279 Pa.Superior Ct. 361, 367, 421 A.2d 240, 243 (1980) quoting *Kent v. United States*, 383 U.S. 541, 561, 86 S.Ct. 1045, 1057, 16 L.Ed.2d 84, 97 (1966). Although the juvenile court concluded that appellant was not amenable to "treatment, supervision or rehabilitation," it failed to make any findings of fact or articulate its reasons.[2] Because the juvenile court has failed to specify its reasons for finding appellant not amenable, we are unable to properly evaluate its decision. More-

**2.** Because appellant preserved his objection to the certification, we must attempt a review of the record. However, as noted in text, deficiencies in the record prohibit a meaningful review. Therefore, although the Commonwealth is correct in its contention that appellant failed to properly preserve the adequacy of the juvenile court's certification statement in his post-trial motions, we are constrained to reach the issue.

over, the only evidence of appellant's amenability was supplied by a Delaware County Juvenile Probation supervisor, who had never spoken with appellant or his parents. Her opinion—that appellant was not amenable—was based solely upon her review of appellant's file. The only basis she articulated for her conclusion, was appellant's prior adjudication and probation for punching another youth in the face. Although certainly a factor to be considered, appellant's fisticuffs is insufficient by itself to serve as a basis for transferring appellant to criminal court. *See, e.g., Commonwealth v. Greiner*, 479 Pa. 364, 372, 388 A.2d 698, 702 (1978) (nature of offense only one factor in an amenability determination) *rev'g* 236 Pa.Superior Ct. 289, 344 A.2d 915 (1975). The witness expressed no other specific reason for her conclusion. Although she indicated that her conclusion was based upon appellant's file, we have no way of knowing what particular factors formed the bases of her opinion. The juvenile court may not abdicate its responsibility to determine a juvenile's amenability. The witness's unsubstantiated opinion does not guarantee that the court has given the "careful consideration" required by *Kent*. In fact, her testimony showed that she was far from certain of the availability of certain facilities and appellant's amenability to treatment there.[3] Because of these deficiencies, "our evaluation of the propriety of the certification is precluded." *Commonwealth v. Bey*, 249 Pa.Superior Ct. 185, 195, 375 A.2d 1304, 1310 (1977). Accordingly, we must vacate the judgment of sentence and remand for a new certification hearing. If appellant is again certified to criminal court, the judgment of sentence shall be reinstated and a new appeal

---

**3.** The witness testified that "Quite honestly, I believe that [appellant] would be in Cornwell Heights [Youth Development Center]." (N.T., July 8, 1980 at 40). Further, she testified that she was unsure whether that facility was available. (*Id.*) When asked whether appellant would be amenable to treatment at that facility, she originally replied "I have no idea." (*Id.* at 41.) She subsequently decided that it was questionable whether Cornwell Heights could fulfill appellant's needs. (*Id.* at 42.) Still later, she found him "basically" not amenable to treatment there. (*Id.*)

will lie. If appellant is not certified to criminal court, the case shall remain in the juvenile system for disposition.[4]

So ordered.

WATKINS, J., dissents.

4. Because of our disposition of this matter, we need not reach appellant's final contention that the juvenile court erred in not allowing him to preliminarily cross-examine the witness on her qualifications. We note however, that the better practice would be to allow appellant's request.