460 A.2d 1184

**COMMONWEALTH of Pennsylvania**

v.

**Carey Nick DEPPELLER, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 15, 1982.

Filed May 27, 1983.

---

Arthur L. Zulick, Assistant Public Defender, Strouds-burg, for appellant.

Robert C. Lear, Assistant District Attorney, Stroudsburg, for Commonwealth, appellee.

Before McEWEN, JOHNSON and HOFFMAN, JJ.

JOHNSON, Judge:

Appellant, a juvenile at the time of his arrest, was transferred to criminal court for trial following a certification hearing pursuant to Section 6355 of the Juvenile Act.[1]

1. Act of July 9, 1976, P.L. 586, No. 142, § 2 [The Judicial Code]; Chapter 63, Subchapter D, § 6355 [The Juvenile Act]; 42 Pa.C.S.A. § 6355.

Appellant then pled guilty to robbery[2] and was sentenced to two and one-half to five years imprisonment. This appeal followed. We now vacate the judgment of sentence and remand for proceedings consistent with this opinion.

Appellant has raised two issues on appeal, namely: (1) whether the juvenile court committed a gross abuse of discretion in finding that appellant was not amenable to treatment as a juvenile and in certifying him to criminal court and (2) whether the juvenile court erred by failing to adequately state its reasons why the appellant was not amenable to treatment as a juvenile.

We direct our attention to a consideration of appellant's second issue. The certification hearing was held on two separate days, commencing late in the afternoon on April 16, 1980 and continued for conclusion on June 2, 1980. The hearing had been continued from April 16th at the request of the then-juvenile's counsel to permit the gathering of witnesses and the review of the probation and other records pertaining to the juvenile.[3]

At the conclusion of the reception of testimony on June 2nd, both the attorney for the Commonwealth and counsel for the juvenile presented summations and argument to the certification hearing court which were transcribed.[4] We note that both opposing counsel presented to the court their positions as to why the court should rule in favor of their respective clients. The assistant district attorney reviewed the factors which the court must consider on any transfer petition. 42 Pa.C.S.A. 6355(a), §§ (1) and (4). The public defender, in turn, reviewed those factors and made specific reference to the testimony adduced at the hearing. He referred specifically to the availability of facilities for treatment or rehabilitation of his client, 42 Pa.C.S.A. § 6355(a)(4)(iii)(A), that two witnesses had testified to the juvenile's amenability to treatment, *id.*, and that the Com-

**2.** 18 Pa.C.S.A. § 3701(a)(1).

**3.** Transcript of Testimony, April 16, 1980, pp. 61–62.

**4.** *Id.* pp. 103–110.

372

monwealth "has failed to indicate non-amenability to treatment."[5] He correctly further argued to the court that the burden is on the Commonwealth to prove that the juvenile is not the proper subject for the care and solicitude of the juvenile system. *Commonwealth v. Greiner,* 479 Pa. 364, 367–372, 388 A.2d 698, 700–702 (1978).

Immediately following the arguments of opposing counsel, and without any other response by the court, the following Order of Court was entered and filed:[6]

## ORDER

AND NOW, June 2, 1980, we find that the Commonwealth has established a prima facie case that the child committed the delinquent act charged in this case, which would be a felony of the first degree if committed by an adult. There are reasons to believe that the child is not amenable to treatment, supervision, or rehabilitation as a juvenile through available facilities; that the child is not committable to an institution for the mentally ill, or mentally retarded; that the interests of the community require that the child be placed under legal restraint or discipline; and that the charge is one that would require a sentence of three years if committed by an adult. We hereby TERMINATE the juvenile action, and CERTIFY him to adult court.

BY THE COURT:

/s/ Harold A. Thomson, Jr.

The court reporter notes in the transcript that "[t]he hearing thus concluded."

Appellant argues that the certification hearing court erred in failing to set forth its reasons for the above certification order in sufficient detail to demonstrate that the question of certification received the careful considera-

5. *Id.* p. 109.

6. *Id.* p. 110.

tion of the court, and so as to permit meaningful appellate review. With this contention, we agree.

Ever since the seminal case of *Kent v. United States*, 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966),[7] our courts have understood that a juvenile transfer statute, when read in the context of constitutional principles relating to due process, entitles juveniles to a hearing and a statement of the reasons for the juvenile court's transfer decision. *Id.* at 557, 86 S.Ct. at 1055, 16 L.Ed.2d at 95. More specifically, the *Kent* court went on to state:

> [I]t is incumbent upon the Juvenile Court to accompany its waiver order with a statement of the reasons or considerations therefor. We do not read the [transfer to criminal proceeding] statute as requiring that this statement must be formal or that it should include conventional findings of fact, but the statement should be sufficient to demonstrate that the statutory requirement of "full investigation" has been met; and that the question has received the careful consideration of the Juvenile Court; and it must set forth the basis for the order with sufficient specificity to permit meaningful review.

383 U.S. at 561, 86 S.Ct. 1057, 16 L.Ed.2d at 97.

Pennsylvania has been uniform, since *Kent*, in requiring the juvenile court to make a statement of reasons for certification, which statement must be sufficient to demonstrate that the question of certification has received the careful consideration of the juvenile court and that the statement sets forth the basis for the order with sufficient specificity to permit meaningful review. *Commonwealth v. Stokes*, 279 Pa.Super. 361, 367, 421 A.2d 240, 243 (1980), followed in *Commonwealth v. Lux*, 299 Pa.Super. 136, 139–140, 445 A.2d 185, 187 (1982). *Accord, Commonwealth v. Harrod*, 260 Pa.Super. 312, 316–317, 394 A.2d 567, 570

---

**7.** *Kent,* which considered the procedural rights afforded juveniles being transferred to criminal court under the District of Columbia Juvenile Act, was made applicable to the states in *In Re Gault,* 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967).

(1978); *Commonwealth v. Bey*, 249 Pa.Super. 185, 191–196, 375 A.2d 1304, 1308–1310 (1977).

■ The mandate of *Kent* does not require a formal statement or that the statement include conventional findings of fact, but the statement must be of sufficient specificity to permit meaningful review by this court. The Commonwealth in this appeal urges us to follow *Commonwealth v. Carrasquillo*, 268 Pa.Super. 336, 408 A.2d 493 (1979), where a panel of our court found that the juvenile court had met the requirements of our Juvenile Act and had made "the necessary findings upon sufficient evidence." *Id.*, 268 Pa.Superior at 339, 408 A.2d at 495. The *Carrasquillo* court was considering the appellant's argument that the Commonwealth had failed to make findings to support its order. There, we noted that the hearing judge had verbalized his findings supporting transfer in the record, and that the judge further observed that his statement of reasons had been stated and made a part of the record. To the extent that *Carrasquillo* cannot be read as consistent with *Stokes, Lux, Harrod* and *Bey*, we decline to follow it.

■ In the case before us, we find that the hearing judge did not provide *any* reasons for the transfer certification order. We therefore are unable to afford any meaningful review to the juvenile court's proceedings. Since the failure to specify reasons precludes any attempt to evaluate the decision, we must remand. *Commonwealth v. Lux, supra.*

We note that the appellant, on March 10, 1981, received a minimum sentence of two and one-half (2½) years, to be computed from April 4, 1980. The minimum sentence therefore would have expired on about October 4, 1982. We also note from the certified record that appellant was born December 21, 1962. However, appellant's maximum sentence will not expire until April 3, 1985, and until that time he remains subject to the jurisdiction of our criminal justice system on this charge. Since the waiver of the jurisdiction of the juvenile court is a "critically important" action deter-

mining vitally important statutory rights of the juvenile, *see Kent v. United States*, 383 U.S. at 555, 86 S.Ct. at 1054, 16 L.Ed.2d at 94, we are not inclined to view appellant's rights on this appeal as being moot.

■■■ Although this case involves a plea of guilty to a charge of robbery, the plea necessarily was taken in the criminal court following transfer. The obvious implication of our holding today is that the court which accepted the guilty plea and entered the judgment of sentence acted without authority in accepting the plea and sentencing the appellant as an adult. *Commonwealth v. Greiner*, 479 Pa. at 371–372, 388 A.2d at 702.[8] Thus, the judgment of sentence must be vacated and this case remanded for further proceedings consistent with this opinion.

■■ The evidence introduced at the new certification hearing following remand is to be limited solely to the evidence introduced at the initial certification hearing held April 16, and June 2, 1980. *Commonwealth v. Bey*, 249 Pa.Super. at 203–204, 375 A.2d at 1314.

■■ If appellant is again certified to criminal court, the judgment of sentence shall be reinstated and a new appeal will lie. If appellant is not certified to criminal court, the case shall remain in the juvenile system for disposition. *Commonwealth v. Lux*, 299 Pa.Super. at 140, 445 A.2d at 188. Jurisdiction is relinquished.

---

**8.** We note that in both *Commonwealth v. Harrod*, and *Commonwealth v. Stokes*, both *supra* this court remanded for a new certification hearing, without disturbing the judgment of sentence. In *Harrod*, the rationale appears to have been that the appellant in that case challenged only the certification transfer procedure. In *Stokes*, the court considered and disposed of the other issues raised by the appellant adverse to him. We nevertheless believe that the conclusion reached by Justice Nix, speaking for a unanimous supreme court in *Commonwealth v. Greiner, supra*, to the effect that a court is without authority to proceed with a criminal trial unless and until a proper certification proceeding has been completed is both sound and unassailable. We therefore adopt the *Greiner* view. *See Commonwealth v. Greiner*, 479 Pa. at 371–372, 388 A.2d at 702.