489 A.2d 207

**COMMONWEALTH of Pennsylvania, Appellee,**

**v.**

**Brian SANDERS, Appellant.**

Superior Court of Pennsylvania.

Argued May 10, 1984.

Filed Feb. 15, 1985.

Larry J. Folmar, Assistant Public Defender, Norristown, for appellant.

J. William Ditter, III, Assistant District Attorney, Norristown, for Commonwealth, appellee.

Before WICKERSHAM, WIEAND and HOFFMAN, JJ.

WIEAND, Judge:

Brian Sanders, a juvenile, having been certified for trial as an adult, was tried without jury and found guilty of rape,[1] indecent assault,[2] indecent exposure,[3] unlawful restraint,[4] recklessly endangering another person,[5] simple assault,[6] aggravated assault,[7] and escape.[8] Post-verdict motions were denied. At sentencing, the court concluded that

1. 18 Pa.C.S. § 3121.
2. 18 Pa.C.S. § 3126.
3. 18 Pa.C.S. § 3127.
4. 18 Pa.C.S. § 2903.
5. 18 Pa.C.S. § 2705.
6. 18 Pa.C.S. § 2701.
7. 18 Pa.C.S. § 2702.
8. 18 Pa.C.S. § 5121.

the assault convictions and the conviction for indecent exposure had merged into the conviction for rape. Consecutive sentences of imprisonment totalling 17 to 34 years were imposed for rape, unlawful restraint, recklessly endangering another person and escape. On appeal, Sanders argues (1) that the evidence was insufficient to sustain the conviction for recklessly endangering another person; (2) that several evidentiary rulings by the trial court were erroneous; (3) that the sentence was excessive; and (4) that reckless endangerment merged with aggravated assault and rape for sentencing purposes. He also argues that the Juvenile Court failed to properly certify him for trial as an adult.

In determining whether evidence is sufficient to sustain a conviction, we view the evidence in a light most favorable to the Commonwealth and, drawing therefrom all proper inferences which could reasonably have been drawn, determine whether the evidence was sufficient to prove all elements of the crime beyond a reasonable doubt. *Commonwealth v. Miller*, 327 Pa.Super. 154, 156–57, 475 A.2d 145, 146 (1984); *Commonwealth v. Leatherbury*, 322 Pa.Super. 222, 225, 469 A.2d 263, 265 (1983).

The evidence in this case showed that appellant, at age 15, had been involuntarily committed to Norristown State Hospital in Montgomery County. On the evening of September 30, 1981, he was escorted to a laundry facility by Polly Holland, a psychiatric security aide trainee. Upon their return, appellant managed to grab Holland around the neck. He then dragged her backwards into a bathroom and later forced her into a day room in a remote part of the hospital. He held her neck so tightly that she was unable to breathe, and she sustained injury which required physical therapy for two months and the wearing of a neck brace for six months. Appellant took Holland's keys from her, locked the doors to the day room, and ordered Holland to undress. With his hand on her neck, appellant threatened to break Holland's neck if she didn't follow his instructions. He then forced her to the floor and engaged in sexual intercourse

with her. Thereafter, he locked his victim in the room and left. Appellant escaped from the hospital by using a picnic table to assist him in climbing over the wall. Ms. Holland was able to use a pay phone in the day room to call for assistance, but she was too late to prevent appellant's escape. He was apprehended in Philadelphia on November 20, 1981.

A person commits the misdemeanor of recklessly endangering another person "if he recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury." 18 Pa.C.S. § 2705. This section is, in effect, an ad hoc reckless conduct statute. Toll, *Pennsylvania Crimes Code Annotated* § 2705 (1974). A sine qua non to a conviction is a conscious disregard of a known risk of death or great bodily harm to another person. *Commonwealth v. Henck*, 329 Pa.Super. 275, 279, 478 A.2d 465, 468 (1984). In this case, the trial court could properly find from the manner in which appellant grabbed Polly Holland around the neck and pulled her backwards into a room that he consciously disregarded a known risk of serious bodily harm to her person.

While the victim was testifying on direct examination, she was asked, "Did you engage in this act of sexual intercourse willingly?" (N.T. 44). A general objection was made to the question and overruled by the trial court. Appellant contends that this was error. Since the objection was general, the court's ruling will be upheld if the evidence was competent for any purpose. *Woldow v. Dever*, 374 Pa. 370, 377, 97 A.2d 777, 781 (1953); *Commonwealth v. Marshall*, 287 Pa. 512, 521, 135 A. 301, 304 (1926). The question asked in the instant case was intended to ascertain from the witness whether she had consented to have intercourse with appellant and had willingly engaged therein without forcible compulsion. This evidence was relevant and was properly received.

Appellant argues also that the trial court erred when it overruled a specific objection on the grounds of

repetitiveness to a question asked of the victim to determine the duration of vaginal intercourse. In both instances, the witness answered that she did not know. Whether to exclude repetitive testimony is a matter within the discretion of the trial court. *Commonwealth v. Simmons*, 482 Pa. 496, 510, 394 A.2d 431, 438 (1978). The trial judge in this instance committed no abuse of discretion. Moreover, appellant was not prejudiced thereby in any way.

The Commonwealth offered into evidence a photograph of a picnic table leaning against the wall of the hospital over which appellant allegedly had escaped. There was testimony that the photograph depicted the table as it had appeared on the night of the escape. The evidence also disclosed, however, that the photograph had been taken three weeks before trial and almost ten months after the alleged escape.

The admission of photographs is a matter largely within the discretion of the trial judge. *Commonwealth v. Fields*, 317 Pa.Super. 387, 402, 464 A.2d 375, 383 (1983). "A photograph must be verified either by the testimony of the person who took it or by another person with sufficient knowledge to state that it fairly and accurately represents the object or place reproduced as it existed at the time of the [event], or if there is a difference or change, the difference or change is specifically pointed out and is readily capable of being clearly understood and appreciated by the [factfinder]." *Tolbert v. Gillette*, 438 Pa. 63, 66, 260 A.2d 463, 465 (1970) (emphasis deleted), quoting *Semet v. Andorra Nurseries, Inc.*, 421 Pa. 484, 488–489, 219 A.2d 357, 360 (1966). See also: *Commonwealth v. Braithwaite*, 253 Pa.Super. 447, 452–453, 385 A.2d 423, 426 (1978). The trial judge, who was also the trier of facts, was aware that the photograph had been staged three weeks prior to trial in order to show the manner in which the picnic table had been used to gain access to the top of the wall. The court did not abuse its discretion in receiving this evidence. It was relevant to explain how appellant was able to escape over the wall of the hospital.

■■■ The imposition of a proper sentence is a matter which is vested in the sound discretion of the trial court. *Commonwealth v. Muller*, 334 Pa.Super. 228, 236, 482 A.2d 1307, 1311 (1984). " '[U]nless the sentence exceeds the statutory maximum or is so excessive as to constitute a manifest abuse of discretion, the trial court's determination will not be disturbed.' " *Commonwealth v. Ignatavich*, 333 Pa.Super. 617, 625, 482 A.2d 1044, 1048 (1984), quoting *Commonwealth v. Scarborough*, 313 Pa.Super. 521, 533, 460 A.2d 310, 316 (1983). A sentencing court must examine the circumstance of the crime and the individual background of the defendant and in so doing is entitled to consider intervening criminal activities and convictions of the defendant. *Commonwealth v. Johnson*, 333 Pa.Super. 42, 45, 481 A.2d 1212, 1214 (1984).

■■■ The sentences imposed upon appellant were within the permissible ranges established by the legislature. The sentencing court carefully considered appellant's personal history, which included a lengthy juvenile record of delinquency adjudications, many of them involving assaultive, sex-related offenses. See: N.T. December 14, 1982, pgs. 19–22. On June 23, 1982, appellant was also convicted in Philadelphia of attempted rape and involuntary deviate sexual intercourse. Rehabilitation in mental institutions had been tried unsuccessfully, a fact evidenced by the instant offenses. The sentence imposed by the court was not manifestly excessive or an abuse of discretion in view of appellant's history.

■■■ Appellant contends, however, that for sentencing purposes the offense of recklessly endangering merged in the crime of rape. We are constrained to agree. "Analysis of duplicitous sentence questions has traditionally revolved around the concept of injury to the sovereign, in this case the Commonwealth." *Commonwealth v. Walker*, 468 Pa. 323, 331, 362 A.2d 227, 231 (1976). For crimes to merge, one must "necessarily involve" the other. *Commonwealth v. Miranda*, 296 Pa.Super. 441, 461, 442 A.2d 1133, 1143

(1982). In *Commonwealth ex rel. Moszczynski v. Ashe,* 343 Pa. 102, 21 A.2d 920 (1941), the Supreme Court said:

> The true test of whether one criminal offense has merged in another … is whether one crime *necessarily involves* another, as, for example, rape involves fornication, and robbery involves both assault and larceny. The 'same transaction' test is valid only when the 'transaction' means a *single act.* When the 'transaction' consists of two or more criminal acts, the fact that the two acts are "successive" does not require the conclusion that they have merged. Two crimes *may be* successive steps in *one* crime and therefore merge, … or they may be two distinct crimes which do not merge.

*Id.,* 343 Pa. at 104–105, 21 A.2d at 921 (emphasis in original). "Following this test, it has been noted that for two crimes to merge 'they must be part of the same act." *Commonwealth v. Miranda, supra* 296 Pa.Super. at 461, 442 A.2d at 1143. See also: *Commonwealth v. Wojciechowski,* 285 Pa.Super. 1, 8, 426 A.2d 674, 677 (1981). They must also constitute the "same offense" as contemplated by the legislature. *Commonwealth v. Frisbie,* 506 Pa. 461, 465–466, 485 A.2d 1098, 1100 (1984).

 The trial court in this case found that the aggravated assault committed by appellant had been a necessary part of the crime of rape and, therefore, that it had merged in the more serious offense. As we have seen, however, the crime of recklessly endangering the victim was merely a part of the crime of aggravated assault which, the court found, constituted the evidence of forcible compulsion necessary to prove the crime of rape. Under these circumstances, it must follow that the crime of reckless endangerment also merged in the crime of rape for sentencing purposes, for rape, aggravated assault and reckless endangerment were all part of the "same offense."

 We reject the suggestion that a separate offense of recklessly endangering another person occurred when Polly Holland, a claustrophobic, was locked in a room while appellant made his escape. The evidence was insufficient to

show that a second offense of reckless endangerment occurred at this point in time. There was no evidence that she had been endangered in any way while locked in the day room. The room was not a small room; it had several doors and a telephone; and even Polly Holland expressed no fear with respect to this room. The only fear which she expressed during the trial was a fear of being locked in the bathroom. This did not occur.

In view of the findings of the trial court, therefore, we are constrained to hold that for sentencing purposes the offense of reckless endangerment merged in the conviction for rape.

■ Finally, appellant argues that the Juvenile Court erred in certifying the charges against him for trial in adult court. He relies on the rule which holds that a criminal court is without authority to try and sentence a juvenile unless the juvenile has been certified for trial as an adult in compliance with the Juvenile Act of July 9, 1976, 42 Pa.C.S. § 6301 et seq. See: *Commonwealth v. Greiner*, 479 Pa. 364, 372, 388 A.2d 698, 702 (1978); *Commonwealth v. Deppeller*, 314 Pa.Super. 368, 375, 460 A.2d 1184, 1188 (1983). This issue of certification is jurisdictional and therefore not waivable. *Commonwealth v. Moyer*, 497 Pa. 643, 646, 444 A.2d 101, 102 (1982).

■ In order to comply with the Juvenile Act, a certification court need not make a formal statement or conventional findings of fact, but the statement must be sufficient to demonstrate that the question of certification has received the careful consideration of the juvenile court. "[I]t must set forth the basis for the order with sufficient specificity to permit meaningful review." *Commonwealth v. Broome*, 317 Pa.Super. 1, 3, 463 A.2d 1053, 1053 (1983), quoting *Kent v. United States*, 383 U.S. 541, 561, 86 S.Ct. 1045, 1057, 16 L.Ed.2d 84, 97 (1966) and *Commonwealth v. Harrod*, 260 Pa.Super. 312, 316, 394 A.2d 567, 570 (1978). See also: *Commonwealth v. Deppeller, supra* 314 Pa.Super. at 374,

460 A.2d at 1187; *Commonwealth v. Stokes*, 279 Pa.Super. 361, 367, 421 A.2d 240, 243 (1980).

■■■ In this case, the certification order of the Juvenile Court contained no reasons for certification. At the conclusion of the certification hearing, the court stated:

> This 25th day of February 1982, this Court having previously determined that a prima facia [sic] case had been established, this Court now determines, based upon the reports and testimony presented, that the requirements for Certification required under the Juvenile Act have been amply fulfilled and therefore determines that this young man be transferred to the criminal division of the Court of Common Pleas of Montgomery for the prosecution of this offense.

N.T. February 25, 1982 at 44. No additional reasons or findings were stated by the court. This was insufficient under the decided cases to permit meaningful appellate review.

■■■ In *Commonwealth v. Deppeller, supra,* the certification court stated on the record that "[t]here are reasons to believe that the child is not amenable to treatment, supervision, or rehabilitation as a juvenile through available facilities; that the child is not committable to an institution for the mentally ill, or mentally retarded; that the interests of the community require that the child be placed under legal restraint or discipline...." *Id.,* 314 Pa.Super. at 372, 460 A.2d at 1186. This statement, our Court held, did not constitute adequate "reasons" for certification; and, therefore, a new certification hearing was ordered. *Id.,* 314 Pa.Superior Ct. at 374, 460 A.2d at 1187. Incorporations by reference to juvenile files and other documentary evidence are insufficient to constitute an adequate statement of reasons for certification. *Commonwealth v. Broome, supra* 317 Pa.Super. at 3, 463 A.2d at 1054. The order in the

instant case was more sparse and conclusory than in either *Deppeller* or *Broome.*[9]

Therefore, we vacate the judgment of sentence and remand for further consideration by the Juvenile Court.[10] If appellant is again certified to adult criminal court, a judgment of sentence may be reimposed consistently with the foregoing opinion. If appellant is not certified to criminal court, the case shall remain in the Juvenile Court for disposition. Jurisdiction is not retained.

**9.** Appellant argued on appeal that he was improperly denied a Pa.R. Crim.P. 305 discovery motion prior to the December 11 hearing. However, the rules of criminal procedure do not apply to proceedings in Juvenile Court (Pa.R.Crim.P. 1(a)). Moreover, pre-trial discovery is generally not available to an accused at the preliminary hearing stage of criminal proceedings. *Commonwealth v. Nacrelli,* 280 Pa.Super. 338, 342–343, 421 A.2d 752, 754 (1980). In any event, since there is no longer any question that a prima facie case existed against appellant, it cannot be said that he was prejudiced by a denial of discovery prior to the certification hearing.

**10.** The certification proceedings in this case were bifurcated by the Juvenile Court. On December 11, 1981, the court concluded, after hearing, that a prima facie case existed against appellant, a prerequisite to certification. See: 42 Pa.C.S. § 6355(a)(4)(i). The accuracy of this conclusion has been confirmed by the finding of guilt by the criminal court. On remand, the Juvenile Court need not redetermine whether a prima facie case exists but may proceed directly to consider whether or not appellant should be tried as an adult. See: 42 Pa.C.S. § 6355(a)(4)(iii).