516 A.2d 1197

**COMMONWEALTH of Pennsylvania**

v.

**Raymond W. PETERS, Jr., Appellant.**

Superior Court of Pennsylvania.

Submitted July 21, 1986.

Filed Oct. 22, 1986.

Vincent P. Difabio, Philadelphia, for appellant.

Mary M. Killinger, Assistant District Attorney, Norristown, for Com., appellee.

Before WATKINS, HOFFMAN and HESTER, JJ.

HOFFMAN, Judge:

This is an appeal from the judgment of sentence imposed following appellant's plea of guilty to two charges of possession of a controlled substance with intent to deliver, one

charge of possession of a controlled substance, and one charge of criminal conspiracy. Appellant contends that the lower court erred when it failed to consider any factor other than the nature of the crimes charged when sentencing him. We find that this contention has merit and, therefore, reverse the judgment of sentence and remand the case for resentencing.

Appellant was arrested after the sale of hashish and marijuana to an undercover police officer. *See* Lower Court Opinion at 1. Following appellant's arrest, a search warrant was procured for his home, and a small amount of marijuana was seized. Appellant entered a plea of guilty to the above charges and was sentenced to terms of imprisonment of one-to-two years on each of the possession with intent to distribute charges and a six-to-twelve month term of imprisonment on the possession charge. Sentence was suspended on the criminal conspiracy charge. All sentences were to be served consecutively, for an aggregate sentence of two-and-one-half-to-five years imprisonment. A timely motion to reconsider sentence was filed and denied. This appeal followed.

Appellant contends that the lower court erred in failing to consider factors other than the nature of the crimes involved in sentencing him. We agree. The imposition of a proper sentence is a matter which is vested in the sound discretion of the trial court, and it will not be disturbed on appeal unless the sentence exceeds the statutory maximum or is so excessive so as to constitute a manifest abuse of discretion. *Commonwealth v. Sanders*, 339 Pa. Superior Ct. 373, 381, 489 A.2d 207, 211 (1985). However, a sentencing court must consider the history, character, and condition of the defendant and not only the nature and circumstances of the crime in imposing sentence. 42 Pa.C. S.A. § 9725. *See also Commonwealth v. Arent*, 352 Pa.Superior Ct. 520, 523, 508 A.2d 596, 597 (1986). Additionally, the court must consider the rehabilitative needs of the defendant, the need for the protection of the public as well as the gravity of the offense. *Commonwealth v. McCall*, 320

Pa.Superior Ct. 473, 480, 467 A.2d 631, 634 (1983). A statement by a sentencing court in its opinion that it considered all of the appropriate factors does not cure its failure to do so during sentencing. *See Commonwealth v. Holler*, 326 Pa.Superior Ct. 304, 308, 473 A.2d 1103, 1106 (1984).

■ A review of the transcript of the sentencing hearing reveals that appellant had no prior criminal record, a good work history and an excellent relationship with his young son. *See* N.T. January 13, 1986 at 1–15. However, the sentencing court based its sentence totally upon the nature of the crimes charged. At sentencing, the court stated its reasons for the sentence, in part, as follows:

> Drugs are a blight, they're a curse on society, and I know that there are many people out there who are weak and who use drugs and alcohol, who can't really help themselves. Then there are those who pander to the drug users.... You haven't assisted the police and, naturally, human nature being what it is, I'm curious to know how many sales you made before you were arrested. Because you had to have been in the business to have attracted Detective Kuter to you.

> One is in the business, and one stays in the business. And one's name gets circulated, and then it eventually gets to the ears, and the eyes and ears of those who are charged with the responsibility of either restricting or stopping it, if possible.

> Drugs are a blight because it leads to so many other crimes, the whole gamut, starting with theft, including the woman who was in here before you came into court. You were sitting the courtroom. It includes assaults, it includes deaths. Miami is just rampant with killings that go on as a result of Colombians, and Equadorians, and Cubans, aided fully and abetted by the Americans with the drug business.

> And hardly a week goes by when I don't pick up the paper and read where somebody is caught speeding up and down one of our super highways with twenty, thirty,

forty pounds pounds of methamphetamine, marijuana, heroin, you name it, and there it is.

N.T. January 31, 1986 at 42–44. Additionally, the sentencing court made no mention of the sentencing guidelines and their relevance to this case. The record does not contain a completed guideline sentence form.

Because we find that the sentencing court abused its discretion by focusing on the nature of the crimes involved and not discussing other factors in sentencing appellant, we reverse the judgment of sentence and remand the case for resentencing.

Judgment of sentence is reversed. Case remanded for resentencing. Jurisdiction is relinquished.

HESTER, J., files a dissenting statement.

HESTER, Judge, dissenting:

I respectfully Dissent. I would affirm on the opinion of the trial Judge, The Honorable Horace A. Davenport.