690 A.2d 240

**COMMONWEALTH of Pennsylvania**

v.

**Theodore JACKSON, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 4, 1996.

Filed Jan. 17, 1997.

Reargument Denied March 24, 1997.

Sheryl S. Chernoff, Penn Wynne, for appellant.

Peter J. Gardner, Assistant District Attorney, Philadelphia, for the Commonwealth, appellee.

Before CIRILLO, President Judge Emeritus, and FORD ELLIOTT and HOFFMAN, JJ.

CIRILLO, President Judge Emeritus:

Appellant, Theodore Jackson, appeals from his conviction in the Court of Common Pleas of Philadelphia County for Robbery, Criminal Conspiracy and Possession of an Instrument of Crime. We reverse and remand to the Juvenile Court.

Theodore Jackson was arrested on December 28, 1994 in connection with an armed robbery at Debbie's Bar in Philadelphia. At approximately 8:30 on the night in question four men entered Debbie's Bar, shouted that it was a "stickup," and ordered everyone to drop to the floor. Robert Harley, the owner of Debbie's Bar, testified at trial that one of the men pointed a gun at his ear and ordered him to "get on the floor." Mr. Harley told the man that he was unable to comply because of a recent head operation, and the perpetrator allowed Mr. Harley to remain seated. During this exchange, one man continued to guard the door, while the other two perpetrators took cash from the register and patrons. After the four men ran from the bar, one of the patrons, Anthony Castle, gave chase while Mr. Harley instructed the barmaid to call the police. Several minutes later a blue Oldsmobile sped by the bar. Following closely behind, Mr. Castle shouted to Mr. Harley "that's the guys!"

When the police arrived, the only description that Mr. Harley was able to give of the alleged perpetrators was that they were four black males and that one was wearing a red plaid jacket. The police also received a statement from Mr. Castle, who suspended pursuit after gunshots were fired from the Oldsmobile. Mr. Castle testified that two of the men were wearing plaid jackets, and one was wearing a black leather jacket; he gave no description as to the fourth man.

Shortly after the police arrived at the bar, they requested Mr. Harley to accompany them to the corner of 28th and Berks Streets, where other officers were holding three black males. The men had been apprehended by various police officers after the description of the perpetrators was broadcast over the radio. Specifically, two were stopped after officers observed them in a vacant lot, and defendant Jackson, who was wearing a red plaid jacket, was taken from the front of a house in the Johnson Homes, a public housing development, where he was standing talking to a woman. When Mr. Harley arrived at the scene, he identified Jackson as one of the robbers.

184

Mr. Jackson was only fifteen years old at the time of his arrest. Nonetheless, after a certification hearing before the Honorable Sheldin C. Jelin, Jackson was held over for trial as an adult, and was convicted by a jury of Robbery, Criminal Conspiracy, and Possession of an Instrument of Crime.

Jackson raises the following issues on appeal [1]:

1) The Juvenile Court erred in transferring this case to adult court because Jackson was amenable to treatment, supervision or rehabilitation as a juvenile

2) Trial counsel was ineffective for not requesting a jury charge that Jackson had not had a line-up and any out-of-court identifications should be viewed with caution

3) The Court erred in precluding trial counsel from alluding during closing arguments to the lack of forensic evidence

4) The verdict was against the weight of the evidence

■ Generally, "[b]efore an appellate court will set aside a decision to transfer, the appellant must show a gross abuse of the broad discretion afforded the hearing judge." *Commonwealth v. McGinnis,* 450 Pa.Super. 310, 315, 675 A.2d 1282, 1285 (1996) (*quoting Commonwealth v. Bey,* 249 Pa.Super. 185, 375 A.2d 1304 (1977)).

■ This court also follows the rule that in order to properly certify a juvenile as an adult the " 'statement should be sufficient to demonstrate that ... the question [of certification] has received the careful consideration of the Juvenile Court; and it must set forth the basis for the order with sufficient specificity to permit meaningful review.' " *Commonwealth v. Broome,* 317 Pa.Super. 1, 3, 463 A.2d 1053, 1053 (1983) (*quoting Kent v. United States,* 383 U.S. 541, 561, 86 S.Ct. 1045, 1057, 16 L.Ed.2d 84 (1966). *See also Commonwealth v. Sanders,* 339 Pa.Super. 373, 382–84, 489 A.2d 207, 212 (1985), *Commonwealth v. Deppeller,* 314 Pa.Super. 368, 373–74, 460 A.2d 1184, 1187 (1983)).

1. For purposes of clarity, we have decided to rearrange the order of appellant's questions presented.

While this court in *Commonwealth v. McDonald,* 399 Pa.Super. 250, 582 A.2d 328 (1990), held that a "reviewing court may presume that the certification judge considered the evidence presented" in reaching his conclusion to certify the juvenile as an adult, and is thus "not required to make a formalized, conventional adjudication of findings of fact," *Id.* at 256–58, 582 A.2d at 331, the facts in *McDonald, supra,* clearly supported the judge's certification decision, even without an enunciation of the factors considered.

Unlike in *McDonald, supra,* the reasons for the family court judge's decision in the present case are not evident from the record. In *McDonald,* the defendant was a fifteen year old with two outstanding charges pending at the time of his arrest. He was arrested a third time for aggravated assault after he shot someone in the neck from a distance of six feet. In certifying McDonald as an adult, the judge noted the "extremely exaggerated response to the provoking act," and indicated that he felt any rehabilitation of the youth should have been attempted long ago, and that it was now too late for the Commonwealth to be able to reach him. *McDonald,* 399 Pa.Super. at 255, 582 A.2d at 330. By contrast, however, in the present case, Jackson had had no previous involvement with the law, and his juvenile file, recommended that he not be certified as an adult. In addition, the record indicates that despite a prior disciplinary transfer from school Jackson maintains good attendance and grades, and has been recommended for transfer back to Strawberry Mansion High School from Boone, a reform school.

Despite the conflicting argument presented at the amenability hearing, and the recommendation in the juvenile file that Jackson not be certified, the judge certified him as an adult by stating that he had considered the factors specified in the Juvenile Act. *See* 42 Pa.C.S.A. § 6301 *et seq.* Specifically, the judge stated:

One, the defendant was over the age of fourteen at the time of the alleged conduct; Two, a hearing on whether the transfer should be made was held in conformity with the applicable statute; Three, notice ... in writing of the time,

place and purpose of the hearing was given to the defendant through counsel at least three days prior to the hearing; Four, I have found that a prima facie case has been made out with respect to the charges set forth in each respective petition; Five, that the delinquent acts would be considered a felony if committed by an adult; Six, there are reasonable grounds to believe the following: one, that the defendant is not amenable to treatment, supervision or rehabilitation as a juvenile through available facilities even though there may not have been a prior adjudication of delinquency, which is the case in this particular situation. In reaching that determination I have considered the following factors: I have considered the defendant's age, his mental capacity, his maturity, the degree of criminal sophistication exhibited by defendant. I have considered the nature and circumstances of the acts for which the transfer is being sought. I have considered the contents of the juvenile file; Seven, the defendant is not committable to an institution for the mentally retarded or mentally ill; Eight, that the interests of the community require that the defendant be placed under legal restraint or discipline and the offense is one which would carry a sentence of more than three years if the defendant was an adult.

While this certification statement would, in most cases, be affirmed by this court as satisfying the rule that it demonstrate that the juvenile court has given "careful consideration" to the issue of certification, *see Commonwealth v. McGinnis*, 450 Pa.Super. 310, 675 A.2d 1282 (1996); *Commonwealth v. McDonald*, 399 Pa.Super. 250, 582 A.2d 328 (1990); *Commonwealth v. Sanders*, 339 Pa.Super. 373, 489 A.2d 207 (1985); *Commonwealth v. Broome*, 317 Pa.Super. 1, 463 A.2d 1053 (1983); *Commonwealth v. Deppeller*, 314 Pa.Super. 368, 460 A.2d 1184 (1983), we find that the statement is insufficient in this case since it does not explain why the trial court chose to disregard the juvenile file recommendation. Thus, we are unable to presume that the judge carefully considered the contents of the juvenile file in reaching his decision on certification due to the lack of support in the record for the position

that Jackson is not amenable for treatment. *See McDonald, supra; Broome, supra.* Although the certification judge enjoys broad discretion in making his determination, *McGinnis, supra,* and it is not an abuse of discretion to certify a juvenile as an adult without making specific findings of fact when the certification is otherwise supported by the record, boilerplate recitation of the factors considered in the face of conflicting evidence on the record is insufficient "permit meaningful appellate review," as required by both the United States Supreme Court and the laws of this Commonwealth. *See Kent v. United States,* 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966), *McGinnis, supra.* Hence, the certification statement and the record are insufficient to demonstrate that the transfer to adult court was justified.

We recognize, however, the seriousness of the crime involved in this case, as did the prosecution and certifying judge. Nonetheless, it is still the law of this Commonwealth, that the nature of the conduct will not justify "the transfer from the juvenile system without a concomitant finding that the youth was not amenable to treatment as a juvenile." *Commonwealth v. Greiner,* 479 Pa. 364, 372, 388 A.2d 698, 702 (1978).

In *Commonwealth v. Greiner,* our supreme court was faced with an almost identical certification statement from a family court judge in a case in which a fifteen year old defendant had been charged with criminal conspiracy, attempted murder, attempted kidnapping, burglary and aggravated assault. Despite the grave nature of these charges, the *Greiner* court held that "the record is devoid of any basis for [a finding that the defendant is not amenable to treatment]," and the lower court had mistakenly granted the request for certification. *Id.* at 372, 388 A.2d at 702.

The circumstances surrounding the certification of appellant in the present case are analogous to those in *Greiner, supra.* We hold, therefore, that there is insufficient evidence in the record to support the certifying judge's decision. The court abused its discretion and misapplied the law as set forth in

188

*Greiner.* Based upon our disposition of this claim, we find it unnecessary to address Jackson's remaining issues.

Reversed and Remanded to Juvenile Court for further proceedings. Jurisdiction relinquished.