J-S51029-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BRIAN K. SANDERS, | |
| Appellant | No. 3351 EDA 2016 |

Appeal from the PCRA Order October 18, 2016
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0001222-1982

BEFORE:  BOWES and SHOGAN, JJ., and STEVENS, P.J.E.[*]

MEMORANDUM BY SHOGAN, J.:                    **FILED NOVEMBER 07, 2017**

Appellant, Brian K. Sanders, appeals *pro se* from the order denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

In addressing Appellant's case on direct appeal, a panel of this Court summarized the underlying facts of this matter as follows:

> The evidence in this case showed that [A]ppellant, at age 15, had been involuntarily committed to Norristown State Hospital in Montgomery County.  On the evening of September 30, 1981, he was escorted to a laundry facility by [Victim], a psychiatric security aide trainee.  Upon their return, [A]ppellant managed to grab [Victim] around the neck.  He then dragged [Victim] backwards into a bathroom and later forced her into a day room in a remote part of the hospital.  [Appellant] held [Victim's] neck so tightly that she was unable to breathe, and

---

[*]  Former Justice specially assigned to the Superior Court.

she sustained injury which required physical therapy for two months and the wearing of a neck brace for six months. Appellant took [Victim's] keys from her, locked the doors to the day room, and ordered [Victim] to undress. With his hand on her neck, [A]ppellant threatened to break [Victim's] neck if she didn't follow his instructions. [Appellant] then forced [Victim] to the floor and engaged in sexual intercourse with her. Thereafter, he locked [Victim] in the room and left. Appellant escaped from the hospital by using a picnic table to assist him in climbing over the wall. [Victim] was able to use a pay phone in the day room to call for assistance, but she was too late to prevent [A]ppellant's escape. [Appellant] was apprehended in Philadelphia on November 20, 1981.

*Commonwealth v. Sanders*, 489 A.2d 207, 210 (Pa. Super. 1985).

In addressing an appeal from the dismissal of a prior PCRA petition, this Court summarized the subsequent history of this case as follows:

Appellant was arrested as a result of a September 30, 1981 incident that occurred in a juvenile detention unit. He was charged with rape, indecent assault, indecent exposure, unlawful restraint, reckless endangerment, simple and aggravated assault, criminal attempt, and escape. After two hearings, [A]ppellant was certified to stand trial as an adult. After a two day bench trial, the court granted a demurrer on the attempt charge but convicted [A]ppellant of all remaining charges. Appellant was sentenced to a total term of imprisonment of seventeen to thirty-four years. On appeal, we determined that since the certification court had not given any reason for its decision, a remand was necessary for a proper explanation of the reasons for [A]ppellant's certification as an adult. We also determined that the sentence imposed for reckless endangerment should have merged with rape for sentencing purposes and that if [A]ppellant was determined upon remand to have been certified properly as an adult, then he should be re-sentenced to a term of imprisonment of sixteen to thirty-two years.

Appellant was certified again on May 8, 1985, and on December 14, 1988, [A]ppellant was re-sentenced to sixteen to thirty-two years imprisonment. On May 12, 1989, [A]ppellant filed a petition for post conviction relief,[1] counsel was appointed, and counsel filed a supplemental PCRA petition. On August 16, 1989, a hearing was held to address the matters raised in both petitions.

*Commonwealth v. Sanders*, 613 A.2d 1264, 2410 PHL 1989, at 1-2 (Pa. Super. filed June 17, 1992) (unpublished memorandum). The PCRA court entered an order denying relief on August 19, 1989. Appellant took an appeal from the denial of PCRA relief and this Court affirmed the PCRA court's decision on June 17, 1992. *Id*.

On July 18, 2016, Appellant filed the instant *pro se* PCRA petition. On August 29, 2016, the Commonwealth filed an answer and motion to dismiss. The PCRA court filed its notice of intent to dismiss pursuant to Pa.R.Crim.P. 907 on September 8, 2016. On September 26, 2016, Appellant filed a response to the PCRA court's Rule 907 notice, and on October 7, 2016, Appellant filed an amended PCRA petition. The PCRA court dismissed Appellant's PCRA petition on October 18, 2016, on the basis that the PCRA petition was untimely filed. This timely appeal from that order followed. Both Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

Appellant presents the following issue for our review:

---

[1] It appears that Appellant attempted to seek post-conviction relief under the Post Conviction Hearing Act ("PCHA"), the predecessor to the PCRA. The PCHA was repealed and replaced by the PCRA for petitions filed on or after April 13, 1988.

A. Whether the lower court abused its discretion when it impermissibly relied on [Appellant] not filing any motions on time, and time barring him was manifestly excessive under the circumstances that the lower court refused to give up any and all transcripts for [Appellant] to challenge the Commonwealth['s] case.

Appellant's Brief at 4. In his sole issue, Appellant contends that the PCRA court improperly concluded that his PCRA petition was time barred. *Id*. at 9-14.

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." *Commonwealth v. Stultz*, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*)). This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. *Commonwealth v. Rykard*, 55 A.3d 1177, 1183 (Pa. Super. 2012). We grant great deference to the PCRA court's findings that are supported in the record and will not disturb them unless they have no support in the certified record. *Commonwealth v. Rigg*, 84 A.3d 1080, 1084 (Pa. Super. 2014).

We first address whether Appellant satisfied the timeliness requirement of the PCRA. A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the

United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. ***Commonwealth v. Cintora***, 69 A.3d 759, 762 (Pa. Super. 2013).

Effective January 16, 1996, the PCRA was amended to require a petitioner to file any PCRA petition within one year of the date the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). Where a petitioner's judgment of sentence became final on or before the effective date of the amendment, a special grace *proviso* allowed first PCRA petitions to be filed by January 16, 1997. ***See Commonwealth v. Alcorn***, 703 A.2d 1054, 1056-1057 (Pa. Super. 1997) (explaining application of PCRA timeliness *proviso*).

However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), is met.[2] A petition invoking one of these exceptions must be filed

---

[2] The exceptions to the timeliness requirement are:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

*(Footnote Continued Next Page)*

within sixty days of the date the claim could first have been presented. 42 Pa.C.S. § 9545(b)(2). In order to be entitled to the exceptions to the PCRA's one-year filing deadline, "the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame" under section 9545(b)(2). ***Commonwealth v. Carr***, 768 A.2d 1164, 1167 (Pa. Super. 2001).

Our review of the record reflects that, on the directive of this Court, Appellant was resentenced on December 14, 1988. Thereafter, Appellant did not pursue a direct appeal from the judgment of sentence. Accordingly, Appellant's judgment of sentence became final on January 13, 1989, thirty days after the trial court imposed the judgment of sentence and the time for filing a direct appeal expired. ***See*** 42 Pa.C.S. § 9545(b)(3) (providing that "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the

*(Footnote Continued)* ————————

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

- 6 -

review."). Thus, Appellant's judgment of sentence became final prior to the effective date of the PCRA amendments. Appellant's instant PCRA petition, filed on July 18, 2016, does not qualify for the grace *proviso* as it was not filed before January 16, 1997. Hence, the instant PCRA petition is patently untimely.

As previously stated, if a petitioner does not file a timely PCRA petition, his petition nevertheless may be received under any of the three limited exceptions to the timeliness requirements of the PCRA. 42 Pa.C.S. § 9545(b)(1). If a petitioner asserts one of these exceptions, he must file his petition within sixty days of the date that the exception could be asserted. 42 Pa.C.S. § 9545(b)(2).

Our review of the record reflects that, in his *pro se* PCRA petition, Appellant attempted to argue the timeliness exception under section 9545(b)(1)(ii), claiming he had newly discovered evidence in the form of a revelation that his certified record did not contain a copy of the trial court's May 8, 1985 decision to recertify Appellant to adult court. In addition, Appellant attempted to invoke the governmental interference exception under section 9545(b)(1)(i). Appellant baldly alleged that somehow the government hid the fact that he was recertified to adult court on May 8, 1985.

We cannot ignore that Appellant was required to exercise due diligence in obtaining the information that forms the basis for his PCRA petition. This

issue was addressed by our Supreme Court in **Commonwealth v. Stokes**, 959 A.2d 306 (Pa. 2008). In **Stokes**, the appellant was convicted of three counts of first-degree murder and related charges in 1983. The appellant then filed a timely direct appeal and a timely PCRA petition, which were unsuccessful.

In February of 2004, the appellant in **Stokes** initiated federal *habeas corpus* proceedings and obtained files from the United States Postal Service and the Philadelphia Police Department. He then filed a second PCRA petition alleging a **Brady** violation,[3] in that the Commonwealth failed to disclose documents in the files, which contained exculpatory evidence. The appellant in **Stokes** claimed that he satisfied the "newly discovered fact" and "government interference" exceptions to the PCRA's timeliness requirements. The PCRA court found the PCRA petition to be untimely and denied his petition without a hearing, and our Supreme Court ultimately affirmed on appeal.

In reaching its decision, our Supreme Court held that both exceptions mandate compliance with the sixty-day rule, which "requires a petitioner to plead and prove that the information on which he relies could not have been obtained earlier, despite the exercise of due diligence." **Stokes**, 959 A.2d at 310. Thus, the proper questions with respect to timeliness in **Stokes** were

---

[3] **Brady v. Maryland**, 373 U.S. 83 (1963).

"whether the government interfered with Appellant's access to the […] files, and whether Appellant was duly diligent in seeking those files." *Id*. The Court in *Stokes* concluded the record established that the appellant had been aware of the existence of the files prior to seeking them, and he did not claim that the Commonwealth prevented him from accessing the files earlier. The Court in *Stokes* held the record indicated the appellant was aware of the existence of the files prior to filing his PCRA petition, and he did not explain why he did not seek them earlier; he thus failed to satisfy the due diligence requirement of the sixty-day requirement under the PCRA. *Stokes*, 959 A.2d at 311.

In addressing Appellant's claim that these two exceptions to the timeliness requirement of the PCRA apply, the PCRA court stated the following:

> Appellant failed to prove an exception to the time-bar applied, and thus, the trial court properly dismissed said PCRA Petition without an evidentiary hearing. Appellant summarily alleged he meets the first and second exceptions, the "government interference" and "unknown facts" exceptions, respectively. These allegations are facially invalid and Appellant fails to meet these timeliness exceptions for several reasons. Appellant's allegation of "government interference" and "unknown fact" are synonymous, as both relate to the alleged non-existence of a second order certifying Appellant to adult criminal court. Moreover, Appellant, in his PCRA Petition, claimed he discovered the lack of such an order on or around May 19, 2016, through the efforts of both him and his family. (*See* Appellant's PCRA Petition 4 ¶ 16-17). However, the efforts Appellant and his family made in ascertaining copies of orders from his file could have been made decades earlier, and such exercise of due diligence is required by the PCRA timeliness exceptions. Specifically, Appellant failed to make any credible

- 9 -

allegations for failing to inquire into the existence of orders prior to 2016, aside from the baseless allegations of "government interference" to keep such information from Appellant, which are unsupported in Appellant's Concise Statement and in the record. Thus, Appellant's allegations as to timeliness exceptions were neither filed within sixty (60) days of the date the claims could have been presented, nor sufficient to overcome the one-year deadline for filing a PCRA Petition.

The record reflects there was no government interference preventing Appellant from challenging the propriety of the re-certification. In fact, Appellant challenged the efficacy of his re-certification proceeding in his first PCHA petition, and failed to mention the issue of a formal re-certification order when the recertification process was a central issue being litigated. The Superior Court heard this challenge to the efficacy of Appellant's recertification on appeal, and ultimately affirmed the re-certification. **See Sanders**, [613 A.2d 1264, 2410 PHL 1989, (unpublished memorandum at 2-3).] Appellant's instant PCRA Petition failed to allege any facts that would lead the [PCRA]l court to believe the lack of a re-certification order, three decades later, was the result of government interference. Specifically, Appellant failed to allege any actions on the part of the Clerk of Courts, Public Defender's office, or District Attorney's office that would have led to the lack of a re-certification order. Thus, the record shows Appellant could have alleged the issue of a formal re-certification order prior to his instant PCRA Petition by exercising due diligence, and the government did not inhibit him from doing to in any way.

While the Superior Court did not specifically address the existence or non-existence of a formal certification order in its 1992 [memorandum], it did find the re-certification was valid. **See Sanders**, [613 A.2d 1264, 2410 PHL 1989, (unpublished memorandum at 2-3).] As well, there exists an order for Appellant's first certification. There are two likely possibilities for the current lack of an electronically scanned re-certification order: either (i) the paper recertification order was simply not scanned into the electronic court filing system and was lost after Appellant's case closed, as Appellant's case is three decades old, or (ii) a re-certification order was unnecessary per the trial court's interpretation of the Superior Court's remand, given there was already an order for the first certification and the second re-certification hearing was simply to put on the record

- 10 -

the clear reasons for certification to adult court. (*See*, *generally* N.T. PCHA Hr'g, August 11, 1989.) (**Exhibit G**). Given both defense counsel and Appellant in the PCHA petitions raised the issue that "the re-certification hearing was conducted improperly in that directives of [the Superior] [C]ourt were ignored," and the Superior Court thereafter affirmed the trial court's re-certification, the re-certification order either existed at the time or the Superior Court agreed with the trial court that a second order was unnecessary. *See Sanders*, [613 A.2d 1264, 2410 PHL 1989, (unpublished memorandum at 2-3).]

Moreover, Appellant's allegation that his "20-plus years" in solitary confinement kept him from discovering the missing re-certification order does not relieve him of his duty to exercise due diligence. Firstly, Appellant's time in solitary confinement does not account for the total time period between his re-certification and the filing of the instant PCRA Petition, which is thirty (30) years. Secondly, Appellant was able to file his other PCHA petition within that time frame and specifically made allegations as to the efficacy of the re-certification process. Thirdly, Appellant did not mention actions, if any, that he undertook in trying to specifically ascertain the specific re-certification order in his file prior to or during his time in solitary confinement. Therefore, Appellant failed to prove a timeliness exception applies and his PCRA Petition is time-barred.

On November 3, 1987, Appellant wrote a letter to the Clerk of Courts, specifically asking for a copy of the transcript proceedings and "a copy of [the trial judge's] Opinion for his decision as soon as possible." (*See* Appellant' Correspondence, November 3, 1987). Whether Appellant was referring to a certification order or an actual opinion, it is at this time that Appellant could have first requested a certification order through due diligence, and if it had never existed, then timely challenge the absence in his first PCHA petition. Appellant also filed an Application for Order Mandating Clerk of Courts to Furnish Court Records, [in] which Appellant specifically asked for re-certification records for May 8, 1995. (*See* Appellant's Application for Order). On January 20, 1998, [the trial judge] ordered the release of the transcripts from Appellant's certification and re-certification hearing upon the request of Appellant's counsel, then public defender, Garret Page. (*See* Trial Ct. Order, January 20, 1988.) Again, Appellant could have exercised due diligence at that time to follow-up with the trial

court if he found the January 20, 1988, Order did not provide the relief he was requesting in his letter and application; namely, if the re-certification order was missing.

PCRA Court Opinion, 1/26/17, at 10-13 (citations to exhibits omitted).

Similarly, our review of the record reflects there was no obstruction to Appellant obtaining information regarding the existence of a May 8, 1985 recertification order, which this Court referenced in our June 17, 1992 decision addressing Appellant's appeal from the denial of his first petition seeking post-conviction relief. Appellant does not offer an explanation why he did not investigate the status of the recertification order in the thirty years preceding the filing of the instant PCRA petition other than alleging he had been in solitary confinement for twenty of those years.

Accordingly, we conclude that Appellant has failed to establish that he satisfied the sixty-day rule, that the information he relied upon in filing his PCRA petition could not have been obtained earlier by the exercise of due diligence. 42 Pa.C.S. § 9545(b)(2); **Stokes**, 959 A.2d at 310. Thus, the PCRA court correctly determined that it did not have jurisdiction to decide the merits of Appellant's petition, and the PCRA court did not err by dismissing the petition without a hearing. **See Commonwealth v. Fairiror**, 809 A.2d 396, 398 (Pa. Super. 2002) (holding that PCRA court lacks jurisdiction to hear untimely petition). Likewise, we lack the authority to address the merits of any substantive claims raised in the PCRA petition. **See Commonwealth v. Bennett**, 930 A.2d 1264, 1267 (Pa. 2007)

("[J]urisdictional time limits go to a court's right or competency to adjudicate a controversy.").

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/7/2017