466 A.2d 178

**COMMONWEALTH of Pennsylvania**

v.

**Bonnie Jean HEATH, Appellant.**

Superior Court of Pennsylvania.

Argued March 15, 1982.

Filed Sept. 30, 1983.

320

Winifred H. Jones-Wenger, Philipsburg, for appellant.

William J. Haberstroh, Assistant Attorney General, Altoona, for Commonwealth, appellee.

Before SPAETH, JOHNSON and HOFFMAN, JJ.

SPAETH, Judge:

This is an appeal from a judgment of sentence for robbery and Uniform Firearm Act violations. Appellant makes several arguments but we shall discuss only one of them, that the trial court erred in precluding her from recounting certain statements made to her.[1] We agree, and therefore vacate the judgment of sentence and remand for new trial.

On March 4, 1976, appellant, Jeffrey Daugherty, and his uncle, Raymond Daugherty, visited the home of Frank Howard in Altoona. Jeffrey Daugherty showed Howard and the others a .25 caliber handgun and asked Howard where he could buy some ammunition for it. Later, appellant accompanied Jeffrey Daugherty to a store where he bought some ammunition. That evening, while en route with appellant to a local motel, the Daughertys planned to rob the Ricche Music Store. Shortly thereafter, appellant accompanied Jeffrey Daugherty to the music store. Ruth Montgomery, who was the only clerk attending the store, gave Daugherty a guitar to examine and began to close the store. Soon after she had transferred money in the cash register to a safe, Daugherty threatened her with the .25 caliber handgun and instructed her to give him the money. She did, and also gave him some watches and old coins. Daugherty then beat Montgomery until she was unconscious, and he and appellant left the store with the money, the watches and old coins, Montgomery's purse, and the guitar.

At trial, appellant wished to recount Daugherty's statements to her in support of her defense that in accompanying Daugherty during the preparation for and commission of the robbery, she acted under duress. *See* 18 C.P.S.A. § 309 (1973) ("It is a defense that the actor engaged in the

---

1. Appellant assigns various other rulings by the trial court as error, but since it is not clear that these rulings will recur, we shall not discuss them. Appellant also argues that the evidence was insufficient and she should therefore be discharged, but this argument so clearly lacks merit as to require no discussion.

conduct charged to constitute an offense because he was coerced to do so by the use of, or a threat to use, unlawful force against his person or the person of another, which a person of reasonable firmness in his situation would have been unable to resist."). In upholding the trial judge's ruling precluding appellant from recounting Daugherty's statements, the trial court held that appellant's testimony was inadmissible hearsay. Slip op. at 7–8.

When a witness testifies that someone said something to him and the purpose is not to show that what was said was true but only that it had a particular effect on the witness, the testimony is not hearsay. *Commonwealth v. Cruz*, 489 Pa. 559, 414 A.2d 1032 (1980); *Commonwealth v. Sampson*, 454 Pa. 215, 311 A.2d 624 (1973); *Commonwealth v. Ryan*, 253 Pa.Super. 92, 384 A.2d 1243 (1978); *Commonwealth v. Tselepis*, 198 Pa.Super. 449, 181 A.2d 710 (1962). *See generally* VI J. WIGMORE, WIGMORE ON EVIDENCE § 1789 at 314 (Chadbourn rev. 1976) ("Wherever an utterance is offered to evidence the *state of mind* which ensued *in another person* in consequence of the utterance, it is obvious that no assertive or testimonial use is sought to be made of it, and the utterance is admissible, so far as the hearsay rule is concerned.") (emphasis in original); McCORMICK ON EVIDENCE § 249 at 589–90 (2d ed. 1972) ("When it is proved that D made a statement to X, with the purpose of showing the probable state of mind thereby induced in X, such as ... anxiety, the evidence is not subject to attack as hearsay.") (footnotes omitted). The trial court, therefore, erred in characterizing appellant's proffered testimony of what Daugherty said to her as hearsay.[2] *See United States v. Herrera*, 600 F.2d 502 (5th Cir.1979). (Trial court erred in precluding defendant from supporting her duress defense by recounting

2. *Commonwealth v. Yost*, 478 Pa. 327, 386 A.2d 956 (1978), is not to the contrary. There, the Supreme Court held that the trial court properly excluded appellant's testimony that he had been threatened on the ground that the testimony could not plausibly have been offered for the purpose of showing what his state of mind was in light of the fact that his state of mind was irrelevant to his alibi defense.

threatening statements made to her); *cf. Commonwealth v. Douglass,* 185 Pa.Super. 269, 138 A.2d 193 (1958) (Trial court properly permitted complaining witness to explain inconsistent testimony by recounting threatening statements made to her).

Since the improperly excluded testimony may have represented "the very heart of [appellant's duress] defense," *United States v. Herrera, supra* at 505, we cannot conclude that its exclusion was harmless beyond a reasonable doubt. *Commonwealth v. Story,* 476 Pa. 391, 383 A.2d 155 (1978).

The judgment of sentence is vacated and the case is remanded for a new trial.