571 A.2d 386

**COMMONWEALTH of Pennsylvania**

v.

**Matthew C. WAX, Appellant.**

Superior Court of Pennsylvania.

Argued May 25, 1989.

Filed Jan. 16, 1990.

Reargument Denied March 16, 1990.

316

Steven J. Cooperstein, Philadelphia, for appellant.

Alan Sacks, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before BECK, JOHNSON and HOFFMAN, JJ.

**BECK, Judge:**

In a jury trial appellant Matthew Wax was convicted of attempted theft by deception. The court imposed a sentence of one-to-two years imprisonment and a $15,000 fine. On appeal he challenges the effectiveness of trial counsel for failure to preserve various claims of trial error. Appellant also seeks leave to appeal the discretionary aspects of his sentence. We conclude that the issues he raises are without merit and, therefore, we affirm.

Matthew Wax was a tenant in an office building in Philadelphia where he maintained an entertainment consulting business. On March 22, 1983, there was a fire in appellant's then-unoccupied two-room suite of offices. The fire department was summoned and easily extinguished the blaze. The fire officials examined, photographed and secured the scene.

At the time of the fire, the Aetna Casualty and Surety Company (Aetna) insured appellant's office and its contents for $35,000. Claiming a loss for equipment and other valuables totalling in excess of $32,000, Wax submitted a sworn proof of loss statement to Aetna. Aetna disallowed the claim on the ground that it had been falsified. The fabricated insurance claim formed the basis for the prosecution in the trial court.

At trial the Commonwealth's evidence showed that on the date of the fire the premises had been practically emptied and that none of the items claimed to have been destroyed or damaged by the fire was present when the firemen arrived.[1] In fact, the Commonwealth's evidence showed that prior to the fire appellant had removed numerous items from his office, had fallen far behind in his payment of rent, had incurred a number of other debts and had apparently been beseiged by other financial difficulties.

With the aid of new counsel on appeal, appellant asserts the ineffectiveness of trial counsel for: 1) failing to pre-

---

1. Although the fire marshall concluded that the fire had been intentionally set, neither appellant nor any other person has been charged with arson in connection with the incident.

serve trial court error in permitting the Commonwealth to amend the bill of information; 2) failing to preserve trial court error in admitting evidence of appellant's financial condition at the time of the crime; 3) failing to object to the prosecutor's "course of conduct" depicting appellant as a deceptive person; and 4) failing to object to the introduction of hearsay evidence.

The standard by which this court must evaluate claims of ineffective assistance of counsel is settled. The effectiveness of trial counsel is presumed and appellant bears the burden of rebutting that presumption. *Commonwealth v. Smith*, 380 Pa.Super. 619, 552 A.2d 1053 (1988); *Commonwealth v. Jones*, 298 Pa.Super. 199, 444 A.2d 729 (1982). In order to overcome the presumption appellant must show that the issue underlying the claim of ineffectiveness had arguable merit; that the course of conduct chosen by counsel had no reasonable basis in effectuating the client's interest, and that counsel's action or inaction operated to prejudice him. *Commonwealth v. Tavares*, 382 Pa.Super. 317, 555 A.2d 199 (1989). Appellant has failed to meet his burden on each of his ineffectiveness claims.

■ Prior to the commencement of appellant's jury trial, the Commonwealth moved to amend the bill of information charging appellant with attempted theft by deception. Originally the bill identified the property involved as having a value of $32,000. The amendment resulted in the property being valued simply as "in an amount in excess of $2,000", i.e., the statutory requirement for a third degree felony. 18 Pa.Cons.Stat.Ann. § 3903(a) (Purdon 1983). Since the trial court properly permitted amendment of the bill, trial counsel was not ineffective for failing to pursue this claim of error.

Pa.R.Crim.P. 229 permits amendment to an information for the description of "any property" provided that the change does not create a different or additional offense against which the accused must defend. Where the defendant has not been prejudiced case law has repeatedly held proper amendments to informations which have not broad-

ened or changed the charge or which have not altered the nature or grade of the offense. *Commonwealth v. Stanley,* 265 Pa.Super. 194, 401 A.2d 1166 (1979); *Commonwealth v. Oates,* 269 Pa.Super. 157, 409 A.2d 112 (1979); *Commonwealth v. Womack,* 307 Pa.Super. 396, 453 A.2d 642 (1982). This case falls squarely within Rule 229 and the line of cases permitting amendment.

Appellant was fully aware of the Commonwealth's proof not only through the original information but also through a bill of particulars. The crime specified in the amended information involved the same elements and arose from the same factual situation as set forth in the original information. *See Commonwealth v. Womack, supra.* Appellant cannot assert that the amended information undermined his defense or that he has been prejudiced or surprised. The change in the information from $32,000 to an amount in excess of $2,000 was therefore a permissible amendment. We conclude that the issue underlying his first ineffectiveness claim is without arguable merit; therefore appellant's argument that his counsel was ineffective fails.

■ Appellant next claims his counsel was ineffective because he failed to object when the prosecutor introduced evidence of appellant's indebtedness including moneys he owed for rent on the office, for gambling debts and for the purchase of a Mercedes which was repossessed. He asserts this evidence should have been excluded under the principles announced by the Pennsylvania Supreme Court in *Commonwealth v. Haight,* 514 Pa. 438, 525 A.2d 1199 (1987). In *Haight,* the defendant was charged with burglary. During the trial the Commonwealth was allowed to elicit testimony that at the time the crime was committed the defendant was unemployed and receiving welfare benefits. In upholding the Superior Court[2] the Supreme Court in *Haight* concluded that evidence of indigency was irrelevant on the question of whether the defendant committed the burglary. Therefore the testimony relating to appellant's unemployment and receipt of welfare benefits had

**2.** 332 Pa.Super. 269, 481 A.2d 357 (1984).

been improperly admitted. 525 A.2d at 1200. *Haight* cannot be construed as creating an absolute bar to the admission of all evidence of financial difficulties.

*Haight* easily is distinguished from the instant case. Here, evidence of appellant's debts was specific and substantial and from it the jury could infer appellant's motive or state of mind to commit a crime, especially where the crime was strictly an economic one. Moreover, no general prejudice such as that present in *Haight* can be asserted because evidence of the debts clearly was not intended to stigmatize appellant on the basis of his economic status. Since *Haight* does not dictate the result appellant suggests, this court should assess the admissibility of the disputed evidence under traditional considerations of relevancy.

Relevant evidence is that which, either taken alone or in connection with other evidence, tends to prove or disprove some material issue in the case. Stated another way, to establish relevancy we ask whether the evidence sheds light upon or advances the inquiry in which the fact-finder is involved. *See, e.g., Commonwealth v. Walzack*, 468 Pa. 210, 218, 360 A.2d 914, 918 (1976); *Commonwealth v. Bellacchio*, 296 Pa.Super. 468, 479, 442 A.2d 1147, 1152 (1982). If the evidence in question is logically relevant it is admissible unless the trial court, in its discretion, determines that its potential prejudicial impact. outweighs its probative value.

In the instant case we hold that under the totality of the circumstances the evidence of specific debts may be introduced where the jury may clearly draw an inference that the financial difficulties of the defendant were material to his motive or state of mind in committing a crime. We recognize that while evidence of indebtedness or of other financial burdens may be clearly probative of a possible motive to commit a crime for monetary gain, we must also consider whether, on the other side of the equation, the potential for prejudice outweighs the obvious relevance of the proof. We are sensitive to the fact that a blanket application of this principle would "prove too much against

too many" and may encourage the Commonwealth to argue that a "defendant [with] no apparent means of income ... was more likely to commit a crime for dollar gain". *State v. Mathis,* 47 N.J. 455, 471–472, 221 A.2d 529, 537–538 (1966). We do not hold that financial indebtedness is always relevant. Instead we require a common sense evaluation of the disputed evidence and an inquiry into whether the probative value of the evidence exceeds its prejudicial impact.

With these general principles in mind, we consider whether evidence of appellant's indebtedness was properly admitted. In the instant case, proof of appellant's immediate financial liabilities was both specific and substantial. Unlike *Haight,* the jury here was not asked to speculate on a chain of inferences far too weak to be probative. The Commonwealth showed that at the time appellant filed his insurance claim his gambling debts were roughly equal to the amount of money he sought from the insurance company, that he was more than a year behind in his rent, and that he had other troublesome money problems.[3] The appellant's serious and pressing financial difficulties accompanied by an affluent lifestyle can hardly be said to lack a logical connection to a crime which is committed solely for monetary gain. *See United States v. Reed,* 639 F.2d 896, 907 (2d Cir.1981). The evidence was relevant to establish appellant's motive or state of mind in committing the offense with which he was charged. *See Commonwealth v. Boyle,* 470 Pa. 343, 368 A.2d 661, 669 (1977); *Commonwealth v. Adkins,* 468 Pa. 465, 364 A.2d 287, 291 (1976). Furthermore, the probative value of this evidence clearly outweighed its prejudicial effect. The evidence was not inherently prejudicial and did not raise problems of stigma and unfairness such as those implicated in *Haight.*

**3.** Appellant asserts further that in his own testimony he established legitimate excuses for the debts he had accumulated. Whether or not to believe him, of course, was a matter in the sole province of the jury and does not determine the admissibility of the disputed evidence. The weight the jury chose to assign to the evidence of appellant's financial difficulties was left to it alone.

■ We conclude that proof of appellant's specific and significant financial problems together with an affluent lifestyle was evidence from which the jury reasonably could infer a motive for the commission of the crime and was not unduly prejudicial. Therefore the evidence was properly admitted and trial counsel was not ineffective for failing to pursue this claim of error.

Appellant further argues that trial counsel was ineffective in failing to: (1) object to numerous questions and arguments by the prosecutor; (2) object to the introduction of certain evidence and (3) request a mistrial based on the cumulative impact of prosecutorial improprieties.[4]

■ In large part, appellant's argument is that the prosecutor acted improperly in developing testimony about appellant's rent dispute with his landlords. We find appellant's argument meritless. Evidence of appellant's ongoing negotiations with the building's owners, his continuing failure to pay the rent, and his consequent removal of property from his suite of offices, was all probative of appellant's state of mind at the time he filed his insurance claim. The Commonwealth's proof sought to establish that the property appellant claimed to have lost in the fire was not present when the fire occurred. The property had been removed by him prior to the fire and the removal was part of an intent to abandon the premises and neglect the outstanding rent obligations. This series of inferences was clearly relevant to establish the crime with which appellant was charged. The weight and credibility accorded the evidence were mat-

4. The record does not support several of appellant's claims of prosecutorial overstepping and we can dispose of these summarily. The prosecutor did not suggest that appellant had set the fire in his office but repeatedly assured the court and the jury that it was the Commonwealth's theory that appellant had seized upon the fire as an opportunity to attempt to defraud the insurance company. Nor did the prosecutor intimate that a previous insurance claim collected by appellant had been improper. In fact, the Commonwealth argued that the prompt and full payment of appellant's first, legitimate claim inspired him to proceed with the false one. Trial counsel cannot be ineffective for failing to object to wholly proper conduct on the part of the prosecutor. *Commonwealth v. Rawles,* 501 Pa. 514, 462 A.2d 619 (1983).

ters entirely within the province of the jury. *Commonwealth v. Ogin*, 373 Pa.Super. 116, 120–22, 540 A.2d 549, 552 (1988) (en banc). Counsel was not ineffective for failing to object to this evidence.

■ Moreover, evidence of appellant's disputes with his landlords was both elicited and utilized by the defense in developing a defense theory that the building management had a vendetta against appellant. This theory extended so far as to suggest that the landlords "benefitted most" from the blaze and, indeed, may have started it themselves. Since the evidence elicited by the Commonwealth is the same evidence that the defense used to establish its defense, it is clear that trial counsel was not ineffective for failing to object to the prosecutor's developing testimony about appellant's rent dispute with the landlord. *Cf. Commonwealth v. Martin*, 346 Pa.Super. 129, 499 A.2d 344 (1985); *Commonwealth v. Rawles, supra.*[5]

**5.** Appellant also claims that the prosecutor engaged in improper conduct by attempting to establish that appellant had instituted a number of lawsuits. The record fails to reveal any intention on the part of the prosecutor to portray appellant as deceitful based upon his involvement in litigation nor can we find a prejudicial impact in this line of questioning.

Similarly, we cannot fairly characterize as prejudicial the prosecutor's questioning of appellant regarding his use of the designation "p.c." in some of his correspondences. The question itself did not constitute error and, through it, appellant was allowed the opportunity to explain his lack of intent to deceive anyone in the use of the appellation "p.c.". Trial counsel is not obligated to pursue a meritless claim.

Finally, appellant asserts that the prosecutor "poisoned" his case by his attempts to question some of his numerous reputation witnesses on the underlying bases for their opinion of appellant's reputation. The trial court sustained defense objections to any questioning of the character witnesses regarding appellant's financial status since their testimony exclusively went to his reputation for truthfulness. Therefore, any questions in this area remained unanswered. It is axiomatic that a new trial is not compelled by every arguably irrelevant question or remark made. *Commonwealth v. Marker*, 231 Pa.Super. 471, 331 A.2d 883 (1974). Furthermore, the trial court instructed the jury that questions asked by counsel are not evidence and that all evidence to which any objection is sustained must be disregarded. Any potential harm was thereby attenuated and cannot provide the basis for relief. *Commonwealth v. Lowry*, 385 Pa.Super. 236, 560 A.2d 781, 785 (1989).

■ Appellant's final claim of ineffectiveness concerns trial counsel's failure to object to a portion of the testimony given by one of the building's owners, Dr. Herbert Kean. Specifically, appellant points to that part of Dr. Kean's testimony wherein he stated that he instructed the maintenance staff to allow appellant to continue to remove equipment from the premises in the hopes of terminating appellant as a tenant. Kean stated that the maintenance man in the building had told him that appellant was removing property. Appellant now argues that Kean's testimony about what the maintenance man told him was inadmissible hearsay and that the failure of counsel to challenge it entitles him to a new trial. This claim is baseless. Even assuming *arguendo* the evidence was inadmissible hearsay [6], the evidentiary value of the testimony at issue was de minimus. The Commonwealth's proof that the property claimed to have been lost in the fire was not in the office at the time it occurred was based primarily on the fire marshall's testimony and photographs and peripherally on the maintenance man's observations. Dr. Kean as well as the fire marshall were fully cross-examined at trial by defense counsel. Dr. Kean's passing remark in his testimony could not have had an adverse effect on the outcome of the proceedings. Therefore, appellant has not met his burden in overcoming the presumption of effectiveness to which trial counsel is entitled.

■ Lastly, appellant challenges the discretionary aspects of the sentence imposed by the trial court. We note that, as required pursuant to Pa.R.A.P. 2119(f) and the Supreme Court's opinion in *Commonwealth v. Tuladziecki,* 513 Pa. 508, 522 A.2d 17 (1987), appellant has included in his

6. We are not convinced that the disputed testimony violated the evidentiary rule against hearsay. The testimony at issue here was offered not to prove the truth of the matter asserted therein, i.e., that appellant removed property from the premises, but merely to explain Dr. Kean's decision to inform the building personnel to allow appellant to take what he wanted out of the building. Viewed in this context, the testimony is not hearsay and was properly admitted. *See Commonwealth v. Heath,* 319 Pa.Super. 319, 466 A.2d 178 (1983); *Commonwealth v. Sneed,* 514 Pa. 597, 526 A.2d 749 (1987).

brief a statement of the reasons relied upon in seeking permission to appeal his sentence. Therefore, we must decide whether appellant has raised a "substantial question" regarding the appropriateness of his sentence before we can allow the appeal. 42 Pa.Cons.Stat.Ann. § 9781(b) (Purdon 1982). This judgment must be made on a case by case basis. In the instant case we conclude that a substantial question has been raised because of appellant's colorable allegation that the trial court considered impermissible factors in sentencing him. *Commonwealth v. Losch*, 369 Pa.Super. 192, 201 n. 7, 535 A.2d 115, 119 n. 7 (1987).

The appellant maintains that the trial court improperly considered his privileged background as an aggravating factor. Furthermore, he argues that the trial court relied on the erroneous assumption that appellant had previously committed insurance fraud. While these claims raise a colorable allegation that the trial court relied on impermissible factors, careful examination of the record reveals that appellant is not entitled to the relief he seeks.

Appellant argues that the trial court erred in considering his "exemplary" family background as an aggravating factor. If anything, appellant asserts the trial court should have considered it as a mitigating factor. To support his argument, appellant relies on *Commonwealth v. Lowe*, 361 Pa.Super. 343, 522 A.2d 614 (1987). The *Lowe* court held that a lifelong history of blameless, law abiding conduct should be a mitigating factor in the imposition of sentence where the misconduct is a wholly isolated event and where the court is convinced that the offender has experienced such shame and remorse that he has already been partially punished.[7] We find that *Lowe* is clearly distinguishable. *See Commonwealth v. Palmer*, 315 Pa.Super. 601, 462 A.2d 755 (1983). The record does not reveal that appellant's background demonstrated a lifelong history of blameless and law abiding conduct that the *Lowe* court contemplated.

7. In the *Lowe* case, the appellant had served twenty eight years in the Pennsylvania State Police and had attained the rank of Sergeant. In addition, he entered a plea of guilty to the charges of forgery and false reports with which he was charged.

More importantly the record reveals that appellant experienced none of the remorse and regret which figured so prominently in the *Lowe* opinion.

Likewise we find no merit in appellant's claim that the trial court erroneously assumed that he had engaged in other insurance fraud when imposing sentence. Appellant's contention is based on the trial court's remark during the sentencing hearing that appellant had undertaken to "become a professional at this sort of activity". Careful reading of the sentencing hearing makes clear that taken in context, this remark in no way supports the conclusion that the trial court was improperly converting appellant's prior insurance claim into a criminal episode. Instead, an overall reading of the sentencing proceeding reveals that the judge was referring to appellant's history of falling prey to excessive greed and acquisitiveness.[8]

It is clear that in appellant's case the trial court considered only relevant and permissible factors in imposing the sentence it did. At the conclusion of a lengthy sentencing hearing at which both sides were fully heard, the trial judge articulated his reasons for imposing a period of confinement in appellant's case. Nothing appellant has argued persuades us that in doing so the trial court abused his discretion and barring that we will not substitute our judgment for that of the court below. *See Commonwealth v. Sanders*, 339 Pa.Super. 373, 489 A.2d 207 (1985); *see also Commonwealth v. Devers*, 519 Pa. 88, 546 A.2d 12 (1988).[9]

Judgment of sentence is affirmed.

**8.** Appellant incorrectly argues that the trial court could not consistently find that his crime was founded upon greed and, at the same time, have allowed in testimony of his financial difficulties as evidence of motive. However these are not inconsistent concepts. Greed is defined in Webster's Dictionary as a "selfish desire to acquire more than one needs or deserves". It certainly is easy to conceive of a situation where an individual is beseiged with debts for items which are a part of a lifestyle begotten by greed and who, therefore, is motivated to use criminal means to eradicate those liabilities.

**9.** Appellant's additional claims regarding his sentence amount to an argument that the trial court incorrectly weighed various legitimate sentencing considerations and therefore imposed a harsher sentence than was deserved. Absent a manifest abuse of discretion, however,

we will not disturb the trial court's judgment in this arena. *See, e.g. Commonwealth v. Sanders, supra.*