J-S23019-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JEFFREY BURNS, | |
| Appellant | No. 1154 EDA 2014 |

Appeal from the Judgment of Sentence December 9, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0012164-2011

BEFORE: DONOHUE, SHOGAN, and STRASSBURGER,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                          **FILED JULY 10, 2015**

Appellant, Jeffrey Burns, appeals from the judgment of sentence entered December 9, 2013, following his conviction by a jury on September 30, 2013, of possession of an instrument of crime ("PIC"), simple assault, and recklessly endangering another person ("REAP").[1]  We affirm.

The facts of the crime are as follows.  On August 26, 2011, at about 9:50 p.m., fifty-two-year-old construction worker Carlton Green ("the victim"), sat on the front porch of his home at 1152 South 52nd Street in Philadelphia.  N.T., 9/26/13 Vol. 1, at 74–75.  A party was in progress at a neighbor's residence a few houses away.  **Id**. at 76.  The victim testified that

---

[*]  Retired Senior Judge assigned to the Superior Court.

[1]  Appellant previously had proceeded to a jury trial on these charges on April 27, 2012, but the jury was unable to reach a unanimous verdict.  The common pleas court declared a mistrial on May 3, 2012.

Ronald Boseman ("Boseman") and the victim's neighbor became embroiled in a dispute directly in front of the victim's home. *Id*. at 77, 97–98. The victim repeatedly asked the men to leave his property, but they ignored him. *Id*. at 78, 99. After several requests, the victim exited his porch, while continuing to direct the men off of his property. *Id*. at 78. There was pushing between the victim and Boseman, the men eventually left the victim's property, and the victim returned to his porch. *Id*. at 77–78.

An hour later another dispute broke out in front of the victim's home, this time involving Appellant and "the same people that was before." N.T., 9/26/13 Vol. 1, at 78. The victim directed the men to leave his property. *Id*. at 79. Appellant refused and began arguing with the victim. The dispute escalated to "tussling," *i.e.*, pushing and shoving, and the fight drifted across the street and then around the corner, where the lighting was poor. *Id*. at 79–80, 82. When the prosecutor asked about weapons, the victim stated, "I might have seen something shiny." *Id*. at 81. In the meantime, Boseman re-emerged and approached the victim from across the street. *Id*. at 83. The victim, who could feel himself being punched and then stabbed, likened the sensation of the blood streaming from his wounds to being struck by a water balloon. *Id*. at 82. Appellant and Boseman converged in front and behind the victim, who felt the men "hitting me and stabbing me." *Id*. at 84. The victim estimated the attack continued for three to five minutes. *Id*. at 86. The victim began to bleed profusely and cried out, "You stabbed me

all up. You stabbed me. You stabbed me." *Id*. at 87. The attackers finally stopped and fled. The victim attempted to return home, when he encountered Philadelphia Police Officer Eric Riddick, who was on patrol. *Id*. at 56, 88. Several neighbors also ran up to the officer and described the attack. *Id*. The victim said he was bleeding profusely and told the officer, "I'm bleeding from head to toe. Get me to a hospital quick." *Id*. at 89. Officer Riddick transported the victim to the hospital, testifying that he did not wait for an ambulance "because his injuries were really severe." *Id*. at 56, 65.

The trial court summarized the procedural history as follows:

On September 30, 2013, [Appellant] was found guilty on charges of Possession of Instrument of Crime, Simple Assault, and Recklessly Endangering Another Person.[2] On December 09, 2013, this [c]ourt sentenced [Appellant] as follows: thirty (30) to sixty (60) months of incarceration for Possession of Instrument of Crime; twelve (12) to twenty-four (24) months of incarceration for Simple Assault; and eleven (11) to twenty-four (24) months of incarceration for Reckless Endangerment. In total, this [c]ourt sentenced [Appellant] to fifty-three (53) to one hundred and eight (108) months of incarceration to be served consecutively. This [c]ourt also imposed a $1,000 fine for Possession of an Instrument of Crime.

On December 11, 2013, [Appellant] filed a Motion Requesting Reconsideration of Sentence, which was denied by operation of law on April 11, 2014. On April 17, 2014, [Appellant] filed a timely Notice of Appeal in this case. On April 21, 2014, this [c]ourt ordered [Appellant] to file a Concise Statement of Errors Complained on Appeal pursuant to Pa.R.A.P. 1925(b) within twenty-one (21) days. On May 09, 2014, [Appellant] filed a Request for Extension of Time to File Statement of Matters, to which this [c]ourt granted a twenty-one

---

[2] The jury found Appellant not guilty of aggravated assault.

(21) day extension on June 03, 2014. On June 24, 2014, [Appellant] filed a Concise Statement of Errors Complained of on Appeal, listing four appellate issues.

Trial Court Opinion, 8/13/14, at 1–2.

On appeal, Appellant raises the same four issues he set forth in his Pa.R.A.P. 1925(b) statement, as follows:

1. Did the trial court err and cause irreparable harm to Appellant when the trial court permitted Officer Eric Riddick to testify as to hearsay testimony from other officers when Officer Riddick put Appellant's name as a suspect and associated information on police paperwork?

2. Did the trial court err by permitting Complainant to speculate that he "might" have seen a shiny object in Appellant's hand which was the primary direct evidence placing a knife in Appellant's hand?

3. Did [the] trial court err in sentencing Appellant to a much harsher sentence for a lesser crime than if Appellant had accepted the trial court's offer of a felony plea deal and did this violate Appellant's Sixth Amendment rights and Pennsylvania Art. 1, Sec. 6 rights and punish Appellant for exercising his right to a jury trial when Appellant prevailed in terms of having a not guilty verdict as to the lead felony charge?

4. Did the trial court err[] by engaging in the plea negotiating process and acting as an offer conveyor and was there was [sic] an appearance of impropriety in that there is a possibility that defendants will consider that harsh sentences following trials may result from the fact that a defendant, such as Appellant, has failed to satisfy the trial judge by going to trial and rejecting the judge's plea offer?

Appellant's Brief at 4–5.

Appellant first asserts that the trial court erred and "caused [him] irreparable harm" when it permitted Officer Riddick to testify that he listed

Appellant's name as a suspect on paperwork completed after the officer's interaction with the victim and other police officers at the scene. Appellant's Brief at 11. This issue is based on the following facts: Officer Riddick testified that he completed "a 75-48"[3] following his interaction with the victim. He described why and how he listed the information, including recording Appellant's name as the suspect. N.T., 9/26/13 Vol. 1, at 63. Officer Riddick testified that he included Appellant's name based on "information I received from other officers at the scene." *Id*. Appellant contends the police paperwork was hearsay evidence to which no exception applies. Appellant's Brief at 13.

Our scope and standard of review regarding the admission of evidence is settled.

> We review all matters touching upon the admission of evidence, including the trial court's gatekeeping function regarding what evidence a jury gets to observe and handle during a trial, for an abuse of discretion. *See Commonwealth v. Brown*, 617 Pa. 107, 52 A.3d 1139, 1197 (2012) (citation omitted); *Commonwealth v. Dupre*, 866 A.2d 1089, 1102 (Pa. Super. 2005). "An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record." *Commonwealth v. Mendez*, 74 A.3d 256, 260 (Pa. Super. 2013) (citation omitted), *appeal denied*, ___ Pa.___, 87 A.3d 319 (2014). "[I]f in reaching a conclusion the trial court over-rides or misapplies the law, discretion is then

---

[3] Officer Riddick explained that a 75-48 is "an incident/complaint form. Every time we have contact with a civilian or citizen and we have to take some type of action, we fill out one of these reports with the basic information, what happened, where it happened, and if we know who did it." N.T., 9/26/13 Vol.1, at 58.

abused and it is the duty of the appellate court to correct the error." ***Commonwealth v. Weakley***, 972 A.2d 1182, 1188 (Pa. Super. 2009) (citation omitted).

***Commonwealth v. Ali***, 112 A.3d 1210, 1217–1218 (Pa. Super. 2015).

Hearsay is an out-of-court statement offered to prove the truth of the matter asserted. ***Commonwealth v. Dent***, 837 A.2d 571, 577 (Pa. Super. 2003); Pa.R.E. 801(c). Moreover:

> As a general rule, hearsay is inadmissible, because such evidence lacks guarantees of trustworthiness fundamental to our jurisprudence. ***Commonwealth v. Dargan***, 897 A.2d 496, 500 (Pa.Super.2006) (citations omitted). The rule against admitting hearsay evidence stems from its presumed lack of reliability; the declarant cannot be challenged regarding the accuracy of the statement. ***See Commonwealth v. Rush***, 529 Pa. 498, 605 A.2d 792, 795 (1992). Importantly, "when an extrajudicial statement is offered for a purpose apart from proving the truth of its contents, it is not hearsay and is not excluded under the hearsay rule." ***Commonwealth v. Cassidy***, 315 Pa.Super. 429, 462 A.2d 270, 272 (1983) (citations omitted).

***Ali***, 112 A.3d at 1219.

Instantly, Appellant objected at trial to Officer Riddick's explanation of why he listed Appellant's name on the 75-48 form on the basis of hearsay. N.T., 9/26/13 Vol. 1, at 63. The trial court overruled the hearsay objection. ***Id***. Its explanation was as follows:

> Officer Riddick's transcription of the suspect's information from officers at the scene was an out-of-court, non-verbal statement. However, it is not hearsay because it was not offered to provide its truth. In this case the report was not offered to prove that that Appellant was a suspect. Rather, it was created by Officer Riddick in accordance with his duties of documenting the incident.

Further, when a witness testifies that someone said something to him and the purpose is not to demonstrate that the statement was truthful, but only that it had a particular effect on the witness, the testimony is not hearsay. *Commonwealth v. Heath*, 319 Pa. Super. 319, 322, 466 A.2d 178, 180 (1983)(citations omitted).

This matter falls within the rule set forth by *Heath*. Officer Riddick testified as follows:

Q: Officer Riddick, did you also include information about a suspect?

A: Yes. Based on information I received from—
. . .

A: Based on information I received from other officers at the scene, I placed the male's name—
. . .

A: (Continued) I placed his name on the 48.

Q: So based on information you received, you finished completing your paperwork.

A: Yes

63:11–64:03

Officer Riddick's statements that he included the suspect's information that he received on his police documents is not to prove its truth, rather it is only offered to show that it had an effect on him. That is, he based the suspect in his report off of the other officer's statements.

Trial Court Opinion, 8/13/14, at 4–5.

We are not persuaded by the trial court's analysis. Neither the effect that the statements had on Officer Riddick, nor Officer Riddick's compliance with his obligations to complete the paperwork was relevant to any issue in the case. For example, Officer Riddick did not use this information to

explain a subsequent interview with Appellant. Viewed in context, it is clear that the out-of-court statement served no purpose but to prove the truth of the matter asserted. *Cf*., *e.g.*, *Commonwealth v. Weiss*, 81 A.3d 767, 806 (Pa. 2013) ("Victim's Mother's statement that she received information in a telephone call that the victim was at Appellant's home was offered not for the truth of whether Victim was truly in that location, but to explain why Victim's Mother drove to Appellant's home looking for her daughter.").

Nevertheless, Appellant is not entitled to relief on this claim because it was harmless error. As the Commonwealth notes, the statements recorded in the police paperwork were "entirely cumulative of the direct evidence leading the investigators to arrest [Appellant] for his role in the stabbing." Commonwealth's Brief at 12. For example, Officer Klein testified that while driving to the scene of the stabbing, he encountered a crowd of people who pointed him in the direction of Appellant, who was wearing a blood-stained shirt and who admitted to stabbing the victim. N.T., 9/26/13, at 140–143. Further, the victim testified extensively regarding Appellant's assault on him. *Id*. at 80–85. For this reason, we conclude Appellant is not entitled to relief on this claim of error.

Next, Appellant asserts that the victim's testimony that he might have observed Appellant with a shiny object during the stabbing assault "was speculation and conjecture [that] caused irreparable harm to Appellant

before the jury." Appellant's Brief at 13. Appellant fails to specify what harm he suffered.

Appellant does not cite case law supporting his position, other than references to standards of review. In **Commonwealth v. Harris**, 979 A.2d 387 (Pa. Super. 2009), we stated as follows:

> When an allegation is unsupported [by] any citation to the record, such that this Court is prevented from assessing this issue and determining whether error exists, the allegation is waived for purposes of appeal. . . . Commonwealth v. Einhorn, 911 A.2d 960, 970 (Pa. Super. 2006) ("An appellate brief must provide citations to the record and to any relevant supporting authority. This Court will not become the counsel for an appellant, 'and will not, therefore, consider issues . . . which are not fully developed in the brief.'").

**Id**. at 393 (some internal citations omitted).

Further, Appellant completely fails to cite to the record where the allegedly speculative testimony may be found. Appellant's Brief at 13. As we recently stated in **Commonwealth v. Samuel**, 102 A.3d 1001 (Pa. Super. 2014), in holding an issue waived because it was undeveloped and failed to cite relevant law:

> The only case law . . . cite[d] in support of this claim is the standard of review . . . . Again, we will not comb the record for the facts in support of [a] claim and we will not develop arguments on [the appellant's] behalf. This issue is waived.

**Id**. at 1006 (citing **Commonwealth v. Mulholland**, 702 A.2d 1027, 1034 n.5 (Pa. 1997), and **Commonwealth v. Gould**, 912 A.2d 869, 873 (Pa. Super. 2006)). Thus, we deem this issue waived.

Appellant's third issue relates to the judgment of sentence. Appellant was sentenced to thirty to sixty months of imprisonment for PIC, twelve to twenty-four months for simple assault, and eleven to twenty-four months for REAP, all sentences to run consecutively, for an aggregate sentence of fifty-three to 108 months of imprisonment. Order of Sentence, 12/9/13. Appellant admits in his brief that "his sentences were guideline sentences[,] and it is not an abuse of discretion to impose consecutive sentences . . . ." Appellant's Brief at 15. He asserts, however, that the sentence imposed was "much harsher . . . than if Appellant had enter[ed] a guilty plea to a felony offense (22 to 44 months followed by probation)." Appellant's Brief at 15 (citing N.T., 9/12/12 ([at Appellant's Brief] Appendix C), at 4; N.T., 9/25/13, at 23; N.T., 12/9/13).[4]

---

[4] Appellant cites to notes of testimony from September 25, 2013. The certified record does not contain notes of testimony from that date. It appears, however, that the notes of testimony on September 25, 2014, are mismarked. In such a situation, the explanatory comment to Pa.R.A.P. 1931 indicates that:

> if counsel (or a party) discovers that anything material has been omitted from the certified record, the omission can be corrected pursuant to the provisions of Rule of Appellate Procedure 1926. Under Rule 1926, an appellate court may direct that an omission **or misstatement** shall be corrected through the filing of a supplemental certified record. **However, this does not alter the fact that the ultimate responsibility of ensuring that the transmitted record is complete rests squarely upon the appellant** and not upon the appellate courts.

*Commonwealth v. Bongiorno*, 905 A.2d 998, 1000–1001 (Pa. Super. 2006)(internal citation omitted) (emphasis added).

Appellant's issue, simply, is a complaint about the length of the sentence imposed. As such, Appellant purports to present a challenge to the discretionary aspects of his sentence. It is well settled that there is no absolute right to appeal the discretionary aspects of a sentence. *Commonwealth v. Hartle*, 894 A.2d 800, 805 (Pa. Super. 2006). Rather, an appellant's appeal should be considered to be a petition for allowance of appeal. *Commonwealth v. W.H.M.*, 932 A.2d 155, 162 (Pa. Super. 2007).

As we observed in *Commonwealth v. Corley*, 31 A.3d 293 (Pa. Super. 2011):

> We held in *Commonwealth v. Malovich*, 903 A.2d 1247, 1250 (Pa. Super. 2006), that before we reach the merits of such a claim,
>
> > we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether Appellant preserved his issues; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is inappropriate under the sentencing code. *Commonwealth v. Hyland*, 875 A.2d 1175, 1183 (Pa. Super. 2005). The third and fourth of these requirements arise because Appellant's attack on his sentence is not an appeal as of right. *Id*. Rather, he must petition this Court, in his concise statement

---

Additionally, Appellant cites to notes of testimony from December 9, 2013, without providing a pin-point cite, thereby necessitating this Court's review of the entire transcript in order to verify and confirm Appellant's averment. Such dereliction supports a conclusion that Appellant has not borne his responsibility under our appellate rules. *Commonwealth v. Preston*, 904 A.2d 1, 6–7 (Pa. Super. 2006) (*en banc*). Nevertheless, appellate review is not compromised, and we will address the issue.

- 11 -

of reasons, to grant consideration of his appeal on the grounds that there is a substantial question. *Id*. Finally, if the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case. *Id*.

*Id*. at 295–296.

The first requirement of the four-part test is met because Appellant filed a timely appeal following the imposition of sentence. Further, the record reflects that Appellant met the second requirement because he raised his current challenge in a post-sentence motion, which the trial court denied. Appellant, however, has failed to comply with Pa.R.Crim.P. 2119(f).[5]

When appealing the discretionary aspects of a sentence, an appellant must invoke the appellate court's jurisdiction by including in his brief a separate concise statement demonstrating that there is a substantial question as to the appropriateness of the sentence under the Sentencing Code. Pa.R.A.P. 2119(f). "The requirement that an appellant separately set forth the reasons relied upon for allowance of appeal 'furthers the purpose evident in the Sentencing Code as a whole of limiting any challenges to the

---

[5] Appellant does not claim that his issue implicates the legality of sentence; rather, he asserts that the sentence was "excessively punitive" and violated his right to a jury trial. Appellant's Brief at 15 n.1. An "'illegal sentence' is a term of art that our Courts apply narrowly, to a relatively small class of cases . . . . Most other challenges to a sentence implicate the discretionary aspects of the sentence . . . even though the claim may involve . . . an issue of constitutional dimension." *Commonwealth v. Robinson*, 931 A.2d 15 (Pa. Super. 2007) (*en banc*). Moreover, this Court has held that a challenge to the length of a sentence, including a claim of vindictiveness by the sentencing court and a due-process challenge, which was not asserted herein, is waivable for failure to include the claim in a Rule 2119 (f) statement where the Commonwealth objects. *Id*. at 20–22.

trial court's evaluation of the multitude of factors impinging on the sentencing decision to exceptional cases.'" ***Commonwealth v. Glass***, 50 A.3d 720, 726-727 (Pa. Super. 2012). Here, there is no such statement, and the Commonwealth has objected. Therefore, the issue has not been properly preserved.

Finally, Appellant asserts that the trial court improperly "entered the plea negotiation phase" and created the appearance of impropriety. Appellant's Brief at 18. This claim of error has no merit.

First, there is no indication in the record that Appellant indicated his intent to enter a guilty plea. Regardless, Appellant has waived the issue by raising it for the first time on appeal. As the trial court stated:

> Appellant's argument fails because he did not preserve this argument as required under Pa.R.A.P. § 302. Under this statute, issues not raised in the lower court are waived and cannot be argued for the first time on appeal. Pa.R.A.P. 302.
>
> It is well established that trial judges must be afforded a chance to correct errors at the moment they are made. *Commonwealth v. Strunk*, 953 A.2d 577, 579, 2008 Pa. Super. 149 (2008) (citing *Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272, 274 (1974)). "A party may not remain silent and afterwards complain of matters which, if erroneous, the court would have corrected." *Id*. (quoting *Commonwealth v. Marlin*, 452 Pa. 380, 305 A.2d 14, 16 (1973) (citations omitted).
>
> Appellant could have raised this argument that the trial court improperly engaged in the plea negotiating process either during trial, sentencing, or in a post-sentence motion, but instead refrained. As a result, this argument must not be considered. *See Commonwealth v. Stetler*, [95 A.3d 864, 869 (Pa. Super. 2014), *appeal denied*, 108 A.3d 35 (Pa. 2015)].

Trial Court Opinion, 8/13/14, at 12–13.  We agree with the trial court and conclude that this issue is waived.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/10/2015