J-A27005-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellant :
:
:
v. :
:
:
BYRON HIGGINBOTHAM : No. 697 EDA 2018

Appeal from the Order February 13, 2018
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0006231-2017

BEFORE: BOWES, J., STABILE, J., and McLAUGHLIN, J.

CONCURRING/DISSENTING MEMORANDUM BY McLAUGHLIN, J.: **FILED AUGUST 13, 2019**

I agree with the Majority that the trial court erred in finding statements two, three, four, and five inadmissible and that the Commonwealth waived its argument regarding the incarceration portion of statement one. I, however, would find that the trial court abused its discretion in finding the remaining portion of statement one inadmissible.

In the portion of statement one that I believe was admissible, Higginbotham stated that "he was not the person in the photograph, but he could understand how someone . . . with no job, no resources[,] and no money would do something like this." N.T., 2/12/18, at 30. The trial court found the statement had "little, if any, probative value" and that any probative value was outweighed by the statement's prejudicial impact. Trial Court Op., filed May 11, 2018, at 7-8; N.T., 2/13/18, at 7-8.

I believe this was an abuse of discretion. In **Commonwealth v. Haight**, the Commonwealth elicited testimony that the defendant was unemployed and was "on assistance" prior to the date of the burglary at issue in the case. 525 A.2d 1199, 1200 (Pa. 1987). The Pennsylvania Supreme Court found evidence of the defendant's lack of employment and receipt of welfare benefits irrelevant because it did not tend to prove or disprove any of the facts needed to establish burglary. *Id.*

However, subsequent decisions, have tempered *Haight*'s rule. In **Commonwealth v. Wax**, 571 A.2d 386, 388 (Pa.Super. 1990), we concluded that, notwithstanding *Haight*, evidence that the defendant owed specific, significant debts at the time of the alleged crime was admissible in a prosecution for theft by deception. Having distinguished *Haight*, the Court in **Wax** applied "traditional considerations of relevancy" and found the evidence admissible. *Id.* at 388-89. We explained that the evidence was "specific and substantial" and therefore logically relevant, and did not raise the issues of "stigma and unfairness such as those implicated in *Haight*." *Id.* at 389.

The evidence at issue here is properly admissible under **Wax**. The Commonwealth did not offer generalized evidence of Higginbotham's unemployment or receipt of government benefits. Rather, it sought to admit highly specific and probative evidence: Higginbotham's own statement that he "understood" how someone in his shoes – someone who was unemployed and lacked money and resources – would commit burglary. The Commonwealth thus was not offering general evidence of indigence, but rather "specific and

substantial" evidence that raised a strong inference of motive or state of mind. ***Wax***, 571 A.2d at 388. Under ***Wax***, the rule of ***Haight*** does not apply, and we instead gauge "traditional considerations of relevancy." ***Id.***

I would hold that the evidence was admissible because the risk of unfair prejudice did not outweigh the evidence's probative value. ***See*** Pa.R.E. 401, 403. Higginbotham's own words that he could "understand" why someone in his circumstances would commit a burglary tend not only to show that he had the motive and intent to commit the crime, but also to demonstrate his consciousness of guilt. After all, Higginbotham made the statement in response to police questioning about a particular crime; it was not in the context of an unrelated conversation. This statement thus had a strong tendency to make a fact of consequence "more or less probable than it would be without the evidence." ***See*** Pa.R.E. 401. ***See also Commonwealth v. Hairston***, 84 A.3d 657, 670 (Pa. 2014) ("Evidence of motive is admissible.").

In addition, the statement's probative value was not outweighed by the risk of unfair prejudice. ***See*** Pa.R.E. 403. The statement was "not intended to stigmatize [A]ppellant on the basis of his economic status." ***Wax***, 571 A.2d at 388. Rather, as in ***Wax***, the Commonwealth offered specific, substantial evidence – Higginbotham's own admission that "he could understand how someone" in the same position as him would commit the crime charged – from which the jury could rightly infer motive, state of mind, and consciousness of guilt. On balance, I do not believe it would have been unfairly prejudicial to let the jury know that Higginbotham had made the comment.